OPINION of the Court, by
Judge Bibb
-Hume declared against Arrasmith, stating that the plaintiff was of good fame, &c. and had been, and was the keeper of “ a public water grist-mill,” but that the said defendant, not ignorant, &c. had spoken of the plaintiff these words : “ John Hume (the plaintiff meaning) ijtole corn, and I (the defendant meaning) can prove it; he (the said plaintiff meaning) is a rogue and not fit to keep a mill.”—
To this the defendant pleaded not guilty, and also justified, and thereupon issues were joined.
The plaintiff to support his action, “ proved that the defendant had. said of the plaintiff that he had stolen corn, *and he (the defendant) could prove it ; and that he had sent his corn to the plaintiff’s mill, and weighed it before he sent it and weighed it on its return, and that it was lacking.”
To this evidence the defendant objected, and on his motion, the court directed the jury to find as in case of a nonsuit; the propriety of which direction is the question before this court.
We can only conjecture the grounds upon v/nich the defendant’s objection to the testimony was sustained, *166 for we see ho substantial cause. If it were objected^ that the defendant had not said “ John Hume stole corn-■” the objection is too technical to be sustained by the court. This could only be countenanced under the old notion, long since exploded, “ that the plaintiff must prove the words precisely as laid.” This has been supplanted by the rational doctrine, that if the plaintiff proves the substance of the charge laid in his declaration against the defendant, it is sufficient. Now, whether the defendant in a conversation about the plaintiff; had said he stole corn, or began the relation by saying “ John Hume stole corn,’5 whereby the plaintiff, and not another John Hume, was understood to be the subject, is quite indifferent, if it were objected that the plaintiff had proved a part only of the charge he had declared against the defendant ; yet if so much as he proved, amounted to a cause of action, he ought to have been permitted to have the effect of his action pro tanto. It may perchance have been objected in the court below, that the words were no.t actionable ; because the corn, might have been growing on a part of the freehold, and therefore only a trespass was committed by taking it. To this it is answered, that whether the words were actionable or not, could not properly be an enquiry upon an objection to evidence ; the proper question in such case is, does the evidence offered, comport with the allegation of the party offering it? if it does, the court should receive it. Whether actionable or not, is within the province of the court, upon demurrer or motion in arre st of judgment. But the better answer is, that the words ap laid and as proved are actionable. The vibrating opinions of former times, between construing the words ⅛ the milder or in the more grievous sense, have settled down to rest, upon the dictates of common sense. The words are to be taken in their obvious meaning, and in that sense in which they would be understood by those who hear or read them. The words, stated in the bill of exceptions, serve to abstract the mind from the charge of a trespass on corn attached to the freehold ; to fix it to the prejudice of the plaintiff, as a man devoid of moral honesty, as unfit to be the keeper of a “ public water grist-mill,” — and thereby to injure him in his said business. The “ direction as in case of a nonsuit” given by the court below, was therefore erroneous.'
Upon objection 4o evidence, the queftion with the court ihould be, whether the words proved correspond with thofe declared tor.
Whether the Words are actionable or not, is within the province of the court upon demurrer, or upon motion in arrest of judgment.
Words are to be taken neither in yiitiori, flee graviori sensu, but according to their ebvious meaning, and in that sense in which they would be un-derftood by those who hear or read thsm.
(i That the plaintiff had flolen corn, that the defen dant had lent corn to plain-riff’s mill, weighed it be. fore it went & when it return-«d and it was lacking,” are «¿tionable.
Judgment reversed.