First, second, and third counts, ruled to be insufficient by the circuit court.

Fifth and seventh counts, held, by the circuit judge, to be insufficient.

## McGowan vs. Manifee.

*Error to the Bath Circuit;* SILAS W. ROBBINS, Judge.

*Actionable words. Colloquium. Evidence. Confidential communications.*

Chief Justice BIBB delivered the Opinion of the Court.

THE first, second, and third counts, state a colloquium between the plaintiff and one Charles Day, of and concerning a charge which had been made against the plaintiff, of stealing bank notes from Bryan & Co. in which the plaintiff was interrogating said Day, whether he had made such charge against him, of stealing the money. The first count, in reference to this colloquium, states, that the defendant said, "you did take it;" the second count charges, that the defendant said, in reference to said colloquium, and to the plaintiff, in presence of divers persons, "I suspect you;" the third count charges, that the defendant said, in reference to said colloquium, and to the plaintiff, "I suspect you of taking it."

The court instructed the jury to disregard these counts, as being insufficient.

Without the colloquium, the words charged in these counts would be unintelligible; but if spoken, as alleged, in reference to the subject of the conversations between the plaintiff and Day, then, they did import a charge of felony, and were actionable.

The fifth count charges, that the defendant spoke of and concerning the plaintiff, these words: He stole a large sum of money of Joseph T. Bryan, and that the defendant would way-lay and search the plaintiff, on his way to Flemingsburg. The seventh count charges, that the defendant, in speaking of and concerning the money which Bryan had lost, did publish of and concerning the plaintiff, these words, "He stole the said money of said Bryan, and the defendant would way-lay and search the plaintiff, on his way to Flemingsburg." These counts were also declared by the judge to be insufficient, and the jury were instructed to disregard them.

The decision of the court was probably influenc-

ed, as to these latter counts, by the determination in M'Gowen Barham's case (4 Co. 20). But the cases of Hume vs. vs. Arrasmith, (1 Bibb, 165,) and Logan vs. Steele, Manifee. (same, 593,) will furnish the reasons for not apply-    In counts in ing the old and rigid rules, which formerly required    slander, the that the words themselves spoken should designate    words are to the person, and contain a direct charge of felony.    be taken in neither the Words are to be taken, neither in the milder, nor in    milder nor the more grievous sense, but in that sense in which    more grievous they would be understood by those who heard them;    sense, but in. that the hear- the judge ought not to torture them into a charge of    ers would un- guilt, nor explain them into innocence, contrary to    derstand their obvious import.    them.

With respect to all these counts, so withdrawn    Expressions from the jury, the cases of Logan vs. Steele, and    of suspicion, or opinion, Hume vs. Arrasmith, will be found to contain a re-    may amount futation of any objection to either, because the ex-    to slander. pressions were only of suspicion or opinion, and not positively charging a felony, or because the name of    Formerly the words them- the plaintiff was not mentioned.    selves must designate the The court excluded the testimony of George Ow-    person; now ings, because of the confidence and friendship which    the colloqui- had existed between the witness and the defendant,    um may do it. from their childhood, and because the conversations detailed were desired by the defendant not to be    Confidence mentioned for fear the plaintiff would get intima-    between wit- ness and de- tion of the defendant's plan, of having the plaintiff    fendant, in- searched for the stolen money, on his way to Flem-    junction of ingsburg. The testimony of Bryan, the owner of    secrecy, and the like, no the store, and person from whom the money had    objection to been stolen, after being detailed, was, on motion,    the proof of the publica- also excluded, because the defendant was the clerk    tion of the and servant of said Bryan. The testimony of Ch's.    slanderous A. Day was excluded, on motion of defendant, be-    words. cause the frequent expressions by the defendant, as to his suspicion and belief that the plaintiff had stolen Bryan's money, were never, to his recollec- tion, made openly in the street, but only in the store and at Bryan's house, and because this witness and the defendant were both clerks in the store of Bry- an. That the judge erred in these several opinions, hardly need be said. The communications made to these witnesses severally, by the defendant, were of

M'GOWEN
vs.
MANIFEE.

a very slanderous character, as charged in the declaration, they were not made by the defendant to his counsellor and attorney at law, nor under any such circumstances as the law regards as sacred and inviolable.

Instructions, as in case of a nonsuit erroneous

The bill of exceptions, in addition to the statements which had been made by those three witnesses whose testimony had been so heard and excluded, proceeds to state the testimony of Mr Jeremiah Spurgin, and of Mr Fisher. After these witnesses were examined, (the testimony of the witnesses, Owings, Bryan, and Day, having been, as aforesaid, excluded) "the defendant moved the court to instruct the jury to find as in case of a nonsuit, on the ground that the foregoing evidence was insufficient to support any one of the counts in the plaintiff's declaration, which instruction the court gave; to all of which decisions the plaintiff excepts." The testimony of Spurgin and Fisher detailed very slanderous charges, made by the defendant against the plaintiff, which were more precisely applicable to those counts, which had been excluded from the consideration of the jury, but were also applicable to the sixth count. It would be tedious to detail all the evidence given by the five witnesses. Suffice it to say, that they did prove the slanderous words, substantially, as charged in the declaration, and in manner and under circumstances which could leave no doubt as to the obvious meaning of the defendant, to charge upon the plaintiff, that he had stolen Bryan's money.

The plaintiff has declared for a grievious slander; he proved it on the defendant by five witnesses; it was circulated in an insidious manner, and repeated at various times; but after all, by a series of blunders, the case has been arrested from the jury by the court, and upon the plea of not guilty, the defendant has judgment against the plaintiff for costs.

Judgment and mandate.

It seems to this court that the circuit court erred in each and all of the opinions set down in the bills of exceptions taken by the plaintiff. It is therefore considered by the court that the judgment of the

circuit court be reversed, and that the case be re- <span style="float:right">M'GOWEN<br>vs.<br>MANIFEE.</span>
manded for a *venire-facias de novo.*

Plaintiff to recover his costs.

*Chiles, Haggin* and *Loughborough* for plaintiff.