OPINION of the Court, by
Judge Logan.
-This was at, action of slander, in which there was a verdict for the plaintiff, subject to the opinion of the court on the point of law reserved.
The words as laid in the declaration are in the third person, as that •• he (meaning the plaintiff) stole,” &c. and the proof iti support of them is in the second person» as that you (meaning the plaintiff) stolé,” &c.
Whether this evidence supports the slander charged in the declaration, is the question.
The old doctrineof requiring proof of the speaking of the words precisely as laid in the declaration, has long since been exploded ; and it is now held that proof of the substance of the words is sufficient. The substance of the charge is the imputation of theft; and whether that be conveyed in the second or third person, the crime is equally imputed, and the allusion sufficiently certain.
We are aware of the decision of lord Mansfield in the case of Averille vs. Rogers, and that the distinction there taken has been recognized in several elementary treatises on the doctrine of slander. This distinction is predicated on the supposed difference between words spoken in a passion, and words spoken deliberately: and from thence the inference, that words spoken in tlm second person, as to one’s face, are necessarily spoken in a passion ; whilst those spoken in the third person, a» behind the back, are the necessary result of deliberation and malice.
It is impossible not to perceive upon the most super? ficial glance, that the distinction is improperly applied ¿ that upon jjrinciple it does not exist, and that whether, from the particular circumstances of the case, words are spoken in a passion or deliberately, does not depend exclusively on the person in which they are spoken — whether to a man’s face or behind^his back | nor does not form the criterion of their actionability.
Words of slander are equally actionable whether they are spoken in the second or the third person. In cannot be material in the definemeut of slander, whether the, theft imputed was by charging you the plaintiff with the crime, or that he, the plaintiff meaning, was guilty of the same crime. The la^v treats the words in eifter case as actionable: the crime imputed, is the same, ami *516 the person to whom imputed is the same; no uncertainty in the allusion ; all alike to the hearers ; the slander is complete as defined by law; the reference is certain as understood in pais.
Itis true the manner of uttering and dealing oat slander, may stamp it with different grades of stain and injury. Hut this exists in evidence : for it does not always happen that words of slander spoken to a man’s face are less deliberate and malicious, or that those spoken in his absence are more the effect of malice and with a greater view to inj ure.
The distinction, then, of lord Mansfield, is unwarranted, and has been supplanted by the introduction of the principle, that a substantial correspondence between the words as laid and the proof is sufficient. Nor is it material whether we view his decision as a departure from the more modern doctrine and the better principle as introduced and/settlcd, or as preceding the weight of authorities in relation to this point. The departure would be unwarranted, and cannot change the course of authorities; and the stalencss of the decision has been superseded in principle by a different course of adjudication.
The doctrine we contend for will be found fully supported by the reasoning of the court of common pleas in Pennsylvania, decided 1808 — See 1 Bin. 396. The distinction attempted between words laid in one person and proved in another, is in that case fully met, and we apprehend as clearly refuted.
Wc are therefore of opinion that the judgment of the court below be reversed witli costs, and the cause remanded for a judgment to he rendered upon the verdict of the jury in favor of the plaintiff.