## A. T. Aulick and Wife *v.* T. P. Fishback, et al.

**Lost Wills—Competency of Jurors.**

> In a trial to establish a lost will a challenge of a juror should be sustained where it is shown that the juror's mother was a cousin of the testator and also related to both parties to the suit.

**Admissibility of Evidence.**

> Where in a petition to establish the terms of a lost will a paper filed with the petition is not a copy of the will but was written by the draftsman from memory more than eight months after the will was prepared and after he had last seen it, it is not competent to be read to the jury for any purpose. Such a writing might be referred to by the draftsman to refresh his recollection as a witness but is not evidence to be read to the jury.

### APPEAL FROM BRACKEN CIRCUIT COURT.

March 3, 1875.

Opinion by Judge Cofer:

About the 3d of April, 1871, Josiah Fishback, a citizen of Bracken county, made and published a last will and testament, with all the formalities required by the statute of wills. Some weeks after the will was made, Fishback being then in feeble health, and having no immediate family residing with him except his son, John P. Fishback, then thirteen or fourteen years of age, left his home in charge of a family that resided with him, and went to the house of his sister in Pendleton county, where he died on the 7th of July following.

Some time after his death his son, John P. Fishback, by his statutory guardian, filed in the Bracken county court a petition, in which he alleged the execution of the will, and that it had been lost. He filed with his petition what he alleged to be a copy of the will, and making his sister, Mrs. Aulick, and her husband defendants, sought

to have the contents of the will ascertained and admitted to record. The case was heard in the county court, and the paper filed with the petition was, with slight modifications, declared to be the last will and testament of Josiah Fishback, and as such was admitted to record.

From this judgment Aulick and wife prosecuted an appeal to the circuit court, when a trial by jury was had and a verdict rendered that the paper as probated in the county court was the will of Fishback; and a judgment having been rendered on the verdict, Aulick and wife have appealed to this court.

A panel of the jury having been demanded, and such party having stricken from the list the names of the jurors, the remaining twelve were called, when the appellants objected to one of them on the ground that he was related by consanguinity to both parties, when the juror stated that his mother was a cousin of the decedent, Josiah Fishback; but the court overruled the appellants' objection, to which they excepted.

Our statute has prescribed the qualification of jurors, but has not designated the causes of challenge, and resort must, therefore, be had to the rules of the common law.

That a juror is of kin to either party within the ninth degree is cause of challenge. 3 Blackstone 363; *Dailey v. Gaines,* 1 Dana 529. Whether, if a juror be equally related to both parties, it will in all cases be good ground of challenge, we need not decide; but under the peculiar circumstances of this case, we have no doubt but the challenge should have been allowed. The father, brothers, sister, and nephew of the decedent, all of whom were related to the juror, were the principal witnesses for the appellees, while but few, if any, of the appellants' witnesses were related to either party.

It is probable that under such circumstances the juror would, from an involuntary partiality for his kindred, be inclined to look more favorably upon their testimony in all matters in which their statements might conflict with the statements of strangers, called as witnesses on the other side. Under such circumstances it is no disparagement of the juror to say that it is not probable that he was an impartial trier of the facts of the case.

It is true the court may not have known the facts rendering it peculiarly improper that the juror should sit in the case, but the appellee or his counsel and guardian must have known it, and should have withdrawn him, or consented that his name should be stricken

from the list; and having failed to do so, the court, when apprized of the facts, should have granted a new trial.

The paper filed with the petition was not a copy of the will, but was written by the draftsman from memory, eight or ten months after the will was prepared, and after he had last seen it. This paper was allowed to be read to the jury as evidence against the objections of the appellants. It was certainly not competent, and should not have been read to them for any purpose, nor should it have been allowed to go before them in any manner. It was not legal evidence, either of the fact that a will had been made or of its contents, and it could not have had any effect not prejudicial to the appellants. The only legitimate use to which the paper could have been put was to refresh the memory of the witness who wrote it, and no other witness should have been allowed to use it even for that purpose.

We see no impropriety in allowing the draftsman to look at it to refresh his memory, but when he had done so he should have spoken from memory, and not from the paper. That the memorandum was made after the lapse of several months, does not seem to us to be a sufficient reason for refusing to allow the witness to look at it, for as it is from memory, and not from the paper, that he is allowed to speak, it would seem that it is immaterial by what means the facts are recalled to his mind. But the fact that it was not made until after a considerable time had elapsed would be a proper subject to be considered by the jury in weighing his testimony.

The judgment should have set forth in full, the will as found by the verdict, instead of referring to the verdict for modifications of the will as recorded.

We cannot decide whether on the evidence the jury should have found that the will had been revoked. Under the law as it now stands we must give to verdicts in will cases the same weight that we do in other civil cases. Sec. 27, Chap. 113, General Statutes. As the evidence on this point is of such a character that a verdict either way could not be disturbed by this court, if the question had arisen in an ordinary action, we are not authorized to disturb it in this case.

For the errors indicated the judgment is *reversed,* and the cause is remanded for a new trial upon principles not inconsistent with this opinion.

*A. R. Clark, A. Duvall, for appellants.    B. G. Willis, for appellees.*