### GORE TOLER V. THE STATE.

No. 1839. Decided April 18, 1900.

**1. Evidence—Admitting Testimony Before Argument Closes—Practice.**

It is within the sound discretion of the trial court to permit witnesses to testify at any time before argument closes.

**2. Gaming—Definition.**

On a trial for playing at a game with cards, where the court in its charge has properly defined what "a game" is, it is immaterial that defendant's act was a trick or joke, so it came within the proper definition of a "game" as given by the court to the jury.

**3. Venue of Offense.**

Under provision of the Act of the Twenty-fifth Legislature, page 11, the court on appeal will presume that the venue was proven where no question was raised as to the matter in the trial court, and the failure of the court to charge as to that matter will not be considered in a misdemeanor case where there was no exception to the charge and no proper charge requested of the court.

**4. "Reasonable Doubt"—Charge.**

The omission of the word "doubt" in a charge upon reasonable doubt will not constitute error where the omission is fully supplied in other portions of the charge. The charge must be construed as a whole.

**5. Continuance—Bill of Exceptions—Practice.**

Unless a bill of exceptions is reserved to the overruling of an application for continuance, the matter will not be considered on appeal.

APPEAL from the County Court of Falls. Tried below before Hon. W. E. HUNNICUTT, County Judge.

Appeal from a conviction of gaming; penalty, a fine of $15.

No statement necessary.

*Johnson & Lewellyn* and *Rice & Bartlett*, for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for playing at a game with cards at a house where spirituous liquors were retailed, and his punishment assessed at a fine of $15.

Upon the trial, the witnesses being under the rule at the instance of the State, Joe Green, the principal State's witness, and who had made the complaint, was permitted to testify after defendant had

rested his case. Appellant objected on the ground that Green's testimony was not in rebuttal. The court, in his sound discretion, can permit the introduction of the testimony of witnesses at any time before the argument closes. Furthermore, the testimony is in rebuttal of the testimony for the defense; hence the court did not err in admitting this testimony. Article 698, Code Crim. Proc.; Wright v. State, 37 Texas Crim. Rep., 146; Pilot v. State, 38 Texas Crim. Rep., 515.

In bill of exceptions numbers 2, 3, 6, and 7, appellant complains of the failure of the court to give the following charge: "If you believe from the evidence that defendant was not engaged in the playing of a game of cards, but was helping Hairston in playing a trick or joke, you will find him not guilty." We do not think the court erred in refusing to give said charge, since appellant may have been playing a trick or joke, and still be guilty, as the statute expressly inhibits the playing at a game with cards in a house for the retail of spirituous liquors. The court properly defined a game as follows: "A game is a trial of skill or chance, or of skill and chance, between two or more contending parties, according to some rule, by which each may succeed or fail in the trial." An inspection of Stearnes v. State, 21 Texas, 692, shows that this definition is an exact copy of the one there laid down; and we hold the same to be correct. Bouv. Law Dict., 704; 8 Am. and Eng. Enc. of Law, p. 1033. The court having properly defined the word "game," it would be immaterial if appellant's act was a trick or joke, if it came within the definition of "game" as defined by the court, and would certainly leave appellant without ground of complaint.

In bill number 4 appellant complains the court failed to charge the jury that the offense was committed in Falls County. There being no question raised as to venue in the trial court, this can not be considered here. See Acts 25th Leg., p. 11. Furthermore, being a misdemeanor, appellant must specially except, and tender a proper charge, before the matter can be reviewed by this court.

Appellant complains in bill number 5 of the following portion of the court's charge: "Defendant in a criminal case is presumed to be innocent until his guilt is established by competent evidence beyond a reasonable doubt; and if you have a reasonable as to his guilt, you will give him the benefit of such doubt." This clearly is hypercritical. It is a well known aphorism of the law that that is certain which can be made certain, and the jury could not have been misled by the mere absence of the word "doubt" in one instance. A casual inspection of the charge shows there was no error. We have frequently held that charges must be construed as a whole. Furthermore, that an omission in one part of the charge, substantially supplied by another part, is not error, unless misleading. White's Ann. Code Crim. Proc., sec. 824; Jackson v. State (Texas Crim. Rep.), 51 S. W. Rep., 389; Monticue v. State, 40 Texas Crim. Rep., 528; Rob-

inson v. Varnell, 16 Texas, 386; Boothe v. State, 4 Texas Crim. App., 203.

Appellant did not reserve a bill of exceptions to the overruling of his motion for continuance, and hence this can not be considered. The evidence shows appellant played at a game with cards in a house for retailing spirituous liquors. No reversible error appearing, the judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]