DUTCH HENRY v. THE STATE.

No. 921. Decided February 8, 1911.

Rehearing granted March 8, 1911.

**1.—Local Option—Recognizance—Reinstatement.**

　In an appeal from a misdemeanor, where the recognizance was insufficient and the appeal was dismissed, the same was reinstated upon the filing of a sufficient recognizance.

**2.—Same—Election Contest—No Law in Force.**

　Where the local option election under which defendant was convicted was contested in a direct proceeding and finally decided to be void and invalid, of which the Court of Criminal Appeals was properly advised in the record, the cause will be reversed and dismissed for want of a local option law in force at the time of the prosecution.

Appeal from the County Court of Potter. Tried below before the Hon. W. M. Jeter.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $20 and twenty days confinement in the county jail.

The opinion states the case.

*Cooper, Merrill & Lumpkin,* for appellant.—On the question of no law in force at the time of the prosecution: McGuire v. State, 57 Texas Crim. Rep., 38; Savage v. Umphres, 131 S. W. Rep., 291.

. *C. E. Lane,* Assistant Attorney-General, for the State.—On question of insufficient recognizance: Weil v. State, 91 S. W. Rep., 231; May v. State, 40 Texas Crim. Rep., 196, 49 S. W. Rep., 402; Parrish v. State, 82 S. W. Rep., 517; Hart v. State, 84 S. W. Rep., 592.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law. The motion made by the Assistant Attorney-General to dismiss this appeal is based upon an insufficient recognizance. An inspection of that part of the record discloses that the motion is well taken. The recognizance recites that appellant stands charged with the offense of unlawfully selling intoxicating liquors in a local option territory and has been convicted of said offense. The recognizance does not recite, as the statutory form requires, that he was convicted of a misdemeanor, nor does it recite the amount of his punishment. This is necessary, especially that

the amount of the punishment be stated in the recognizance. There are quite a number of cases, supporting the above conclusion, decided by this court.

Because of the insufficiency of the recognizance the appeal is dismissed.

*Dismissed.*

### ON REHEARING.

March 8, 1911.

DAVIDSON, Presiding Judge.—Appellant was on the 12th of March, 1909, convicted of the offense of violating the local option law. His motion for new trial being overruled, he prosecutes an appeal to this court.

The question presented is, to some extent, a novel one. Briefly stated, the history of the local option law in Potter County under which this conviction was obtained is about as follows: An election was held, the result was declared favorable to local option, and the judge published the result. There is an interesting question presented on the manner of this publication, which we deem unnecessary to discuss in the attitude the record presents other matters to be decided. Pending these matters, a contest was filed by Savage and others. Upon a trial the judgment resulted favorably for local option. From that case an appeal was taken to the Court of Civil Appeals at Fort Worth. In distributing the work from an overcrowded docket, the Supreme Court, among other cases, transferred that case to the Court of Civil Appeals at San Antonio. In that court a judgment and an opinion based upon the result was entered reversing and remanding the cause because of some illegal votes. Subsequent to the filing of the mandate in the District Court in Potter County another trial was had on the contest. This resulted unfavorably to the law, and it was declared void by the District Court. From this judgment an appeal was prosecuted to the Court of Civil Appeals at Fort Worth, which upon hearing by that court was affirmed, holding the election invalid and the law void. This opinion was rendered on June 25, 1910, and a rehearing was denied on October 15, 1910. The result of all this litigation under the contest declared that the election was void and that the law was never in force in that county. These matters are made to appear by the appeal and rendition of judgment on the appeal and filing of the mandate in the District Court at Amarillo. These matters are made to appear in this court. The question then at issue is whether or not this judgment should be affirmed under the circumstances. We are of opinion that it can not be.

The law authorizing local option elections provides, among other things, that a party may be prosecuted for selling intoxicants in territory where an election has been held and where it has been declared favorable to the law, and that the fact that a contest is in-

voked will not prevent a conviction during that contest. The writer does not believe that the Legislature has this power, but it seems to be decided otherwise, for the simple reason that no citizen of Texas can be deprived of his life or liberty or punished until there is a valid subsisting law upon the statute books. If this law should be declared, as it has been in this case, to be void from the beginning, it ought not to furnish the basis of a conviction. Under the view holding these convictions can be had, although while there is a contest pending, a citizen may be punished for violating a law that was in fact never a law. The writer does not believe that this ought to be a possibility, under our criminal jurisprudence and under our Constitution, but so far as this case is concerned, it is unnecessary to decide this question. The above is merely the views of the writer. It is not only statutory, but well settled by an unbroken line of decisions construing the statute, that no party can be punished under a repealed law, and advantage can be taken of this even in the court of last resort. The exception to this is also found in the statute where the Legislature provides in the act itself that violations of the law may be prosecuted even after the law has been repealed, but unless this provision is set out in the statute of repeal, then all pending cases pass off the docket by reason of the appeal. But that is not the question here. The question which confronts us is, can this conviction be sustained under a law which our court holds void? We answer that appellant can not be convicted, and that he can take advantage of that in this court. Under the decision of the District Court, and finally of the Court of Civil Appeals, holding the election in Potter County invalid, there has never been a law under which the pleading in this case could be entertained. No man can be made to suffer punishment in Texas until there is a valid subsisting law which authorizes such prosecution. The decision of the Court of Civil Appeals in Savage v. Umphres, 131 S. W. Rep., 291, holds the election in Potter County invalid, and, therefore, this law at no time could have formed the basis of a prosecution.

At a former day of the term the appeal in this case was dismissed for want of a sufficient recognizance. Since that dismissal the appellant has filed a legal and sufficient recognizance, with the request that the case be reinstated. This request is granted, and the above opinion is written on the merits of the questions discussed.

The motion for rehearing is granted, the dismissal set aside, and the judgment is now reversed and the prosecution ordered dismissed.

*Dismissed.*

PRENDERGAST, JUDGE.—I concur in the disposition of this case. However, lest there be any question of my views of the constitutionality of the Act of 1907, page 447, declaring prohibition is in effect when an election has been held, and it is so declared and published, and that prosecutions for its violation may be had pend-

ing a contest of said election, I will here state that I adhere to the decision of said question by this court in Ex parte McGuire, 57 Texas Crim. Rep., 38, holding said Act is constitutional.