### E. S. MORFETT v. THE STATE.

No. 923.   Decided February 8, 1911.

Rehearing Granted March 15, 1911.

**1.—Local Option—Recognizance—Misdemeanor—Reinstatement.**

Where, in an appeal from a misdemeanor conviction, the recognizance was defective and the same was dismissed, the appeal was reinstated upon the filing of a sufficient recognizance.

**2.—Same—Election Contest—No Law in Force.**

Where appellant was convicted of a violation of the local option law on an election which was afterwards held to be void in an election contest, which was made to appear in the Court of Criminal Appeals, the cause will be reversed and dismissed.

Appeal from the County Court of Potter. Tried below before the Hon. W. M. Jeter.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*H. H. Cooper,* for appellant.—On question that local option law was not in force: McGuire v. State, 57 Texas Crim. Rep., 38.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of insufficient recognizance: Weil v. State, 91 S. W. Rep., 231; May v. State, 40 Texas Crim. Rep., 196, 49 S. W. Rep., 402; Parrish v. State, 82 S. W. Rep., 517; Hart v. State, 84 S. W. Rep., 592.

PRENDERGAST, JUDGE.—This is a misdemeanor case. The defendant was charged and convicted of unlawfully selling intoxicating liquors in Potter County, Texas, after an election had been held by the qualified voters of said county in accordance with law to determine whether or not the sale of intoxicating liquors should be prohibited in said county, and such election had resulted in favor of prohibition, and the Commissioners' Court had duly made, passed and entered its order declaring the result of such election, and absolutely prohibited such sales, and his punishment assessed at a fine of $100 and sixty days in jail.

The Assistant Attorney-General has filed a motion to dismiss this appeal, among others, on the ground that the recognizance does not state the amount of the punishment inflicted in the trial court. The motion is well taken. Articles 886, 887 and 888, Code of Criminal

Procedure; Clark v. State, 41 Texas Crim. Rep., 635, 56 S. W. 623; Walker v. State, 56 S. W., 913; McDade v. State, 56 S. W., 916; Beck v. State, 56 S. W., 917. Many other cases to the same effect might be cited, but we deem it unnecessary. The motion is granted and the appeal dismissed.

*Dismissed.*

PRENDERGAST, JUDGE.—At a former day of this term, on motion by the Assistant Attorney-General, this case was dismissed because of insufficient recognizance. This has been met now by a sufficient recognizance and motion to reinstate the case and decide it on its merits. The motion for reinstatement is therefore granted and the former dismissal of the case is set aside.

The appellant was convicted of violating the prohibition law of Potter County under the election held in that county in 1907. We have just held in the case of Dutch Henry v. State, from the same county, that the record showing that in the contest of that election it was declared void and the law was at no time in force in Potter County under said election, that the defendant in that case was not guilty of violating any law. This case presents the same question.

For the reasons given in that case this conviction can not be sustained, and the judgment is therefore reversed and the cause dismissed.

*Reversed and dismissed.*