MERFETT v. STATE.

(Court of Criminal Appeals of Texas. Feb. 8, 1911. On Rehearing, March 15, 1911.)

BAIL (§ 65*) — SUFFICIENCY — MISDEMEANOR CASE—STATING PUNISHMENT—DISMISSAL OF APPEAL.

Motion to dismiss the appeal in a misdemeanor case is well taken; the recognizance not containing the statement, necessary under Code Cr. Proc. 1895, arts. 886–888, to allow the appellate court to take jurisdiction, of the amount of the punishment inflicted.

[Ed. Note.—For other cases, see Bail, Cent. Dig. § 285; Dec. Dig. § 65.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

E. S. Merfett appeals from a conviction. Reversed and dismissed.

H. H. Cooper, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. This is a misdemeanor case. The defendant was charged and convicted of unlawfully selling intoxicating liquors in Potter county, Tex., after an election had been held by the qualified voters of said county in accordance with law to determine whether or not the sale of intoxicating liquors should be prohibited in said county, and such election had resulted in favor of prohibition, and the commissioners' court had duly made, passed, and entered its order declaring the result of such election, and absolutely prohibited such sales; and his punishment was assessed at a fine of $100 and 60 days in jail.

The Assistant Attorney General has filed a motion to dismiss this appeal, among others, on the ground that the recognizance does not state the amount of the punishment inflicted in the trial court. The motion is well taken. Articles 886, 887, and 888, Code Cr. Proc. 1895; Clark v. State, 41 Tex. Cr. R. 635, 56 S. W. 623; Walker v. State, 56 S. W. 913; McDade v. State, 56 S. W. 916; Beck v. State, 56 S. W. 917. Many other cases to the same effect might be cited, but we deem it unnecessary.

The motion is granted, and the appeal dismissed.

### On Rehearing.

At a former day of this term, on motion by the Assistant Attorney General, this case was dismissed because of insufficient recognizance. This has been met now by a sufficient recognizance and motion to reinstate the case and decide it on its merits. The motion for reinstatement is therefore granted, and the former dismissal of the case is set aside.

The appellant was convicted of violating the prohibition law of Potter county under the election held in that county in 1907. We have just held in the case of Dutch Henry v. State, 135 S. W. 571, from the same county, that, the record showing that in the contest of that election it was declared void and the law was at no time in force in Potter county under said election, the defendant in that case was not guilty of violating any law. This case presents the same question.

For the reasons given in that case, this conviction cannot be sustained, and the judgment is therefore reversed, and the cause dismissed.