Texas Central Railway Company v. Thomas L. Blanton.

Decided June 4, 1904.

**1.—Juror—Bias—Challenge for Cause.**

Where, in an action of damages for being wrongfully ejected from a passenger train, a juror stated on his voir dire examination that he was a friend of the plaintiff, who had been his attorney in an important law suit which he had won, and that he felt so grateful for plaintiff's services in that case that he had named one of his children after him, and still had that feeling for plaintiff, it was error for the court to refuse to sustain a challenge for cause on the ground of bias, although the juror answered that he had no bias in plaintiff's favor.

**2.—Same—Error Not Harmless.**

The error in refusing to sustain the challenge for cause can not be held harmless in the instance, where the defendant had exhausted its peremptory challenges and so was compelled to accept the juror, and the evidence involved an issue of veracity between plaintiff and defendant's conductor as to indignities offered plaintiff, and the case was one where a warm, grateful friend could hardly have made an impartial estimate of the damages.

Appeal from the County Court of Shackelford. Tried below before Hon. J. M. Chism.

*Clark & Bolinger* and *A. A. Clarke,* for appellant.

*S. Webb* and *Thomas L. Blanton,* for appellee.

STEPHENS, Associate Justice.—Appellee undertook to ride from Moran to Albany on one of appellant's freight trains, without having the permit and ticket required by the rules of the company, and was therefore ejected by the conductor, notwithstanding his offer to pay the regular fare, and even four cents per mile, and notwithstanding the excuse offered for his failure to obtain a ticket and permit. He recovered a verdict and judgment in the sum of $630, from which this appeal is prosecuted.

The court erred in overruling appellant's challenge for cause of the juror Adams, as shown in the fourth bill of exceptions, the substance of which is thus stated in appellant's third assignment of error: "Adams testified on his voir dire that he was a friend of the plaintiff, Thomas L. Blanton; that plaintiff was one of his attorneys in an important land suit in the District Court of Shackelford County, and in the Court of Civil Appeals at Fort Worth, which suit was styled "Adams v. King;" that said juror was successful in said suit and gained property worth several thousand dollars, which he has since sold; that he felt so kindly towards said plaintiff and so grateful for his services in that case that he had named one of his children in plaintiff's honor, and that he still had that feeling toward plaintiff. The said juror having on cross-examination by the plaintiff answered the statutory questions touching his qualifications as a juror in the affirmative as shown in said bill, the court ruled that he was a competent juror, and defendant was com-

pelled to accept him, having exhausted its peremptory challenges as shown in said bill."

If the word bias means anything—and that was the ground of challenge—this juror must have been disqualified. In answering that he had no bias in favor of the appellee, notwithstanding the facts above stated, he must either have misunderstood the meaning of the word, or else did not understand himself. The court should have been governed by the facts stated, and not by the conclusions of the juror.

We are by no means able to say the error was harmless, since there was a sharp conflict between appellee and the conductor who had ejected him, appellee testifying that the conductor treated him in a harsh manner, cursing and abusing him, while this was denied by the conductor. There was also an issue of veracity between appellee and appellant's local agent at Moran. Besides, the nature of the wrongs complained of was such that a warm, grateful friend, such as the juror evidently was, could hardly have made an impartial estimate of the damages.

For this error the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*