**STATE of Texas, Appellant,**

v.

**Charles L. BURKE et al., Appellees.**

**No. 4743.**

Court of Civil Appeals of Texas.

Waco.

Nov. 21, 1968.

Crawford C. Martin, Atty. Gen., Austin, Watson C. Arnold, Troy C. Webb, Asst. Attys. Gen., for appellant.

Bond & Meroney, Teague, for appellees.

## OPINION

McDONALD, Chief Justice.

This is a condemnation case wherein the State of Texas condemned a 43.728 acre strip through the middle of a 160 acre tract belonging to the Burkes. After the taking, a remainder of approximately 116 acres was left, consisting of two tracts: one approximately 34 acres and the other approximately 82 acres. Trial to a jury resulted in a verdict of $7,652.40 for the land taken; a value of $20,347.60 of the remainder before the taking; and a value of $17,440.80 of the remainder, after the taking. The trial court rendered judgment on the verdict for defendants for $10,559.20.

Plaintiff appeals on 9 points, contending among other things:

1) The trial court erred in overruling plaintiff's challenge for cause of Harold Small, who became a member of the jury, because Small had a preconceived fixed opinion of the value of defendants' property.

2) The trial court erred in overruling plaintiff's challenges for cause of Harold Small, Truman Brooks and Charles Platt, who became members of the jury, because each had a preconceived fixed opinion that the remainder of defendants' property was damaged.

On voir dire examination Small, Brooks and Platt responded as follows to questions by plaintiff's attorney:

Mr. Small

"Q. Mr. Small, would it take a preponderance of the evidence to prove to you that land involved in this lawsuit is worth less than $200. an acre?

"A. Well, I would have to be shown that it wouldn't.

"Q. That it wouldn't?

"A. That it wasn't.

\*　　\*　　\*　　\*　　\*　　\*

"Q. Do you think, Mr. Small, that if the highway cuts a piece of property in half, that it automatically damages the property?

"A. I do."

Mr. Brooks

"Q. Do you feel that if the highway splits a piece of property in half it automatically damages the property?

"A. I'd think that to a certain extent it would be damaged.

"Q. Would it take evidence from the stand to prove to you it did not damage it?

"A. It would."

Mr. Platt

"Q. Do you feel that as in this case where the highway has split the property in two, that it's already damaged?

"A. Yes sir.

"Q. Would it take evidence to convince you that it was not damaged?

"A. Yes sir, it would."

The same questions, with like answers returned, were asked of McKenzie Jackson and H. C. Eddings, also members of the jury panel.

Prior to the exercise of its peremptory challenges, plaintiff individually challenged each of the foregoing for cause, asserting they had a preconceived opinion as to the damages to defendants' remaining land that would take evidence to change, that they would be prejudiced against the State, and that because of the preconceived opinion the burden of proof would be shifted to the State. The trial court overruled such challenges. Plaintiff thereafter used its peremptory challenges to strike Eddings, Bounds and Jackson, (Jackson and Eddings both believing that the remainder of defendants' land was automatically damaged) with the result that Small, Brooks and Platt

became members of the jury which tried the case.

Plaintiff, after voir dire examination moved the court to strike jurors Brooks, Small and Platt because "they feel a tract of land is automatically damaged when it's split by a highway", which motion the trial court overruled.

Plaintiff's witnesses testified the value of the land taken worth $125. per acre; with approximately $12. per acre to the remainder for refencing. Defendants' witnesses testified the value of land taken worth $200. per acre, with $25. per acre damage to the remainder. The jury returned a verdict of $175. per acre for the land taken; and $25. per acre damage to the remainder.

Plaintiff took bills of exception to the action of the trial court in not sustaining its challenges for cause, and complained of the matter in its motion for new trial in the trial court.

Article 2134, Sub. 4, Vernon's Ann.Civ. St. states:

"The following persons shall be disqualified to serve as jurors in a particular case:

"4. Any person who has bias or prejudice in favor of or against either of the parties."

The statutory disqualification of bias, or prejudice, supra, extends not only to the litigant personally, but to the subject matter of the litigation as well. Bias is an inclination toward one side of an issue rather than the other, *but to disqualify, it must appear that the state of mind of the juror leads to a natural inference that he will not act with impartiality. Prejudice means prejudgment, and consequently embraces bias.* And when bias or prejudice is shown to exist, disqualification under Article 2134 does not involve a matter of discretion, but is a matter of law. Compton v. Henrie, S.Ct., 364 S.W.2d 179.

Moreover, in cases involving juror disqualification, the complainant need not

establish that probable injury resulted therefrom before a new trial may be granted. Compton v. Henrie, supra.

When the 5 jurors stated they believed the remainder automatically damaged by the taking, they prejudged the case, and were disqualified as a matter of law. Moreover, the burden of proving the value of the property taken and the damages to the remainder rested with the defendants. State v. Jackson, S.Ct., 388 S.W.2d 924. Juror Small being committed to the fact that defendants' land was worth $200. per acre, and jurors Small, Brooks and Platt being committed to the fact the remainder of defendants' land was automatically damaged, wrongfully shifted the burden of proof to the plaintiff.

Plaintiff's contentions 1 and 2 are sustained.

Reversed and remanded.