**Betty Reed COOK et al., Appellants,**

v.

**L. David WHITTON, Appellee.**

**No. 651.**

Court of Civil Appeals of Texas, Tyler.

Aug. 10, 1972.

Rehearing Denied Aug. 31, 1972.

Law Offices of Bill F. Griffin, Jr., John S. Walker, Center, for appellants.

Fairchild, Hunt & Price, Center (John L. Price, Center, of counsel), for appellee.

McKAY, Justice.

Appellants brought this suit against appellee for damages for personal injuries resulting from an automobile collision. Trial was before a jury and judgment was rendered on the verdict that appellant Cook recover $300.00, and that appellants Bowman and Reed recover nothing. Appellants bring this appeal on two points complaining that the trial court erred in failing to excuse for cause the jurors Hazel Williams and T. W. Stanberry because of their bias and prejudice.

In voir dire examination of the jury panel appellants' counsel informed the panel that none of appellants went to a doctor or were treated by a doctor for the alleged injuries, and that no doctor would testify,

and then he asked whether such facts would prejudice any juror to the extent that such juror could not assess any damages for such alleged injuries. Four jurors indicated an affirmative answer and were asked to approach the bench and were questioned out of the hearing of the other members of the panel. All four were challenged for cause by appellants. One of these was excused by the court, and another was peremptorily challenged by appellants, but two of the four, Hazel Williams and T. W. Stanberry, served on the jury. The record before us shows that appellants used three peremptory challenges above the names of Hazel Williams and T. W. Stanberry, and they used three strikes below these jurors' names. There is nothing in the record to indicate why appellants failed to strike the names of these two jurors from their list, but did strike three other names which were below and numerically came after the two complained about. There is nothing in the record to show whether the three jurors whose names appeared below that of the jurors complained of were objectionable and if so, for what reason.

Appellee contends in a counterpoint that the record does not show that appellants used all of their peremptory challenges and therefore no harm is shown. The jury lists are included in the transcript and reveal that appellants took their six strikes and there were two jurors excused.

In another counterpoint appellee says that appellants have not shown they were forced to take an objectionable juror and therefore cannot complain that jurors Williams and Stanberry served at the trial. We agree that appellants have not shown they were forced to take an objectionable juror.

In 35 Tex.Jur.2d, Jury, Sec. 129, p. 193, it is stated: "A party whose challenge for cause has been overruled is not in a position to complain if he has retained the objectionable juror and has struck the names of others not subject to challenge for cause; he is estopped from complaining of any error by acceptance of the juror when he could have removed him."

In Palestine Contractors, Inc. v. Perkins, 386 S.W.2d 764 (Tex.Sup., 1964), Palestine claimed it was deprived of a fair trial because the trial court refused to excuse for cause a jury panel member which it kept off the jury by exercising a peremptory challenge. The Court said: "There was no showing that Palestine, as a result of the trial court's action, was required to take an objectionable person on the jury."

This Court, speaking through Justice Moore, said in Hammon v. Texas & New Orleans Railroad Company, 382 S.W.2d 155 (Tex.Civ.App., Tyler, 1964, writ ref., n. r. e.): "We think that in order to complain, plaintiff would be required to show that prior to the exercise of his per-emptory challenges, he apprized the trial court that one of the jurors was obnoxious to him and that he would have challenged that juror had he not been forced to exhaust a challenge on an objectionable juror * * *."

The old case of Yecker v. San Antonio Traction Co., 33 Tex.Civ.App. 239, 76 S.W. 780 (1903, writ ref.) has the following language: " * * * Plaintiff did not peremptorily challenge the objectionable juror, and did not exhaust his peremptory challenges. If he did not want him on the jury, he should have peremptorily challenged him * * *."

There are numerous cases holding that in order to complain of the trial court's failure to sustain a challenge for cause of a juror a party must show that he was forced to accept an objectionable juror. Russell v. Bailey, 290 S.W. 1108 (Tex.Civ. App., Beaumont, 1927, writ dis.); Gussett v. Nueces County, 235 S.W. 857 (Comm. of Apps., 1921); Tanner v. Texas Employers' Insurance Association, 438 S.W.2d 395 (Tex.Civ.App., Beaumont, 1969, writ ref., n. r. e.).

O'Day v. Sakowitz Brothers, 462 S.W.2d 119 (Tex.Civ.App., Houston, 1st, 1971, writ

ref., n. r. e.) follows and cites Palestine Contractors, Inc. v. Perkins, supra, and Hammon v. Texas & New Orleans Railroad Company, supra, on the necessary procedure to show harm from the trial court's overruling a challenge for cause.

Appellants could have used peremptory challenges to eliminate jurors Williams and Stanberry. Why they failed to do so is unexplained in the record. They have not shown they were forced to accept an objectionable juror. If jurors Williams and Stanberry were objectionable to appellants they could have prevented their serving but chose not to do so.

Appellants rely on State v. Burke, 434 S.W.2d 240 (Tex.Civ.App., Waco, 1968, n. w. h.), which holds that when bias or prejudice is shown to exist, disqualification under Art. 2134 Vernon's Ann.Civ.St. does not involve a matter of discretion, but is a matter of law. In the *Burke* case there were five jurors on the list who testified they had a fixed opinion about damages to property in a condemnation case, and the trial court overruled a challenge for cause to each. Two of these jurors were not struck and served on the case, and the Court of Civil Appeals reversed, citing Compton v. Henrie, 364 S.W.2d 179 (Tex. Sup., 1963). There is no explanation in *Burke* what the record there showed on peremptory challenges, and we are not able to say whether the facts there are similar to the case at bar.

In Compton v. Henrie, supra, a juror made no answer when asked whether he (or others) was biased or prejudiced against a suit for damages resulting from an automobile collision, but soon after the jury began deliberations the juror said to the other jurors that he did not believe in such law suits. The trial court and the Supreme Court held the juror was not disqualified. We believe the Compton case is not in point on the issue presented here, and if it can be said that the *Burke* case is in conflict with our decision here we decline to follow it.

From the record it appears that the juror Williams was disqualified by her answers on voir dire, but we hold appellants must show they were forced to take an objectionable juror. This they have not done.

The judgment of the trial court is affirmed.