**TEXAS ELECTRIC SERVICE COMPANY,
Appellant,**

v.

**Oliver P. BOYCE et ux., Appellees.**

**No. 6270.**

Court of Civil Appeals of Texas,
El Paso.

Sept. 20, 1972.

Turpin, Smith, Dyer, Harman & Osborn, Max N. Osborn, Midland, Cantey, Hanger, Gooch, Cravens & Munn, Jack C. Wessler, Fort Worth, for appellant.

Jones, Milstead, Burgess & Moore, Guilford L. Jones, Big Spring, for appellees.

OPINION

RAMSEY, Chief Justice.

This is a condemnation case. Texas Electric Service Company, Condemnor-Plaintiff, appealed the decision of the Commissioners in condemnation proceedings against Oliver P. Boyce, et ux., Condemnees-Defendants. Plaintiff perfects this appeal from a jury verdict for De-

fendants in the amount of $8,281.00. We reverse and remand.

Plaintiff sought an easement for an electrical transmission line across Defendants' farm. The easement required a right-of-way consisting of 18.83 acres out of a 320 acre farm.

Plaintiff presents five points of error. The first point complains of the failure of the Court to excuse a prospective juror, A. H. Tate. During the voir dire examination of the jury panel, Plaintiff's counsel asked whether or not anyone on the panel had a fixed opinion or a belief that there is damage to the remainder of the land because of the construction of the line. Mr. Tate answered that he did. Defendants' attorney then asked Mr. Tate whether or not he could put the opinion aside, go into the jury box with an open mind, listen to the testimony and render his verdict on the basis of the testimony heard in the trial. Mr. Tate stated that he could do so. On further interrogation by Plaintiff's attorney, Mr. Tate still answered that he had an opinion as to damage of the remainder. When asked whether or not evidence would be required to remove that opinion, Mr. Tate responded, "It sure will." Defendants' attorney then explained to the juror that the burden of proof was on the Defendants to prove the damage, and upon their failure to so prove it, he should return a verdict for the Plaintiff. This, the juror stated he would do. Plaintiff moved the Court to discharge Mr. Tate for cause, which motion was denied and Mr. Tate was sworn as a juror. In the trial of the case, Defendants' value witnesses all testified to damage to the remainder and Plaintiff's value witnesses all testified that there would be no diminution in value to the remainder. Thus, a direct conflict in opinion testimony was presented in the trial relating to resulting damage to the remainder.

■ Article 2134, Vernon's Ann.Tex. Civ.St., provides, in part, a disqualification for a juror, as follows:

"4. Any person who has a bias or prejudice in favor of or against either of the parties."

Judicial interpretation of this provision has construed its meaning to include not only the parties, but also the subject matter of the litigation. Rhoades v. El Paso & S. W. Ry. Co. et al., 248 S.W. 1064 (Tex. Comm'n App., opinion adopted); Compton et al. v. Henrie, 364 S.W.2d 179 (Tex.Sup. 1963); Flowers v. Flowers, 397 S.W.2d 121 (n. w. h.). Compton et al. v. Henrie, supra, defines and distinguishes bias and prejudice as follows:

"Bias, in its usual meaning, is an inclination toward one side of an issue rather than to the other, but to disqualify, it must appear that the state of mind of the juror leads to the natural inference that he will not or did not act with impartiality. Prejudice is more easily defined for it means prejudgment, and consequently embraces bias; the converse is not true. The establishment of such a state of mind would disqualify Fugate from serving on this jury as a matter of law. It is only where there are grounds for disqualification other than those provided for in the statute that the discretionary powers of the trial judge may be exercised, for a disqualification under Article 2134 does not involve a matter of discretion, but a matter of law."

An analogous situation appears in State v. Burke et al., 434 S.W.2d 240 (n. w. h.). There, the Court held:

"When the 5 jurors stated they believed the remainder automatically damaged by the taking, they prejudged the case, and were disqualified as a matter of law."

■ We can only conclude that Mr. Tate, by his candid reply as to his fixed opinion, thus disqualified himself as a matter of law. The sequence of events here, however, go beyond those in State v. Burke et al., supra. Defendants' attorney very thoroughly and capably, interrogated Mr. Tate as to his ability to put

his opinion aside, based his verdict solely on the proceedings in Court, and to place the burden of proof on the Defendants. These questions were answered by Mr. Tate to the effect that he could and would do so. This line of interrogation, though generally used, has been held of no avail in qualifying the juror, once the statutory disqualification is apparent. Flowers v. Flowers, supra; Lumbermen's Insurance Corporation v. Goodman, 304 S.W.2d 139 (writ ref'd n. r. e.); Kansas City Life Ins. Co. v. Elmore, 226 S.W. 709 (n. w. h.); Texas Cent. R. Co. v. Blanton, 36 Tex. Civ.App. 307, 81 S.W. 537 (n. w. h.).

We can only conclude that the Court erred in refusing Plaintiff's motion to excuse Mr. Tate from the jury panel.

■ Since the case is to be remanded, we will discuss other points of error assigned even though they are not necessary in the disposition of this appeal. Plaintiff assigns as error the special issues submitted as not containing the wording "considered as severed land" as the issue is worded in State v. Carpenter et al., 126 Tex. 604, 89 S.W.2d 194 (Tex.Comm'n App. 1936). The Carpenter case has long been regarded a proper guide for the framing of issues in partial taking cases. The ultimate results to be achieved in the submission of the issues are the avoidance of duplicitous damages and clarity of the exact issues involved to prevent confusion of the jury. In reviewing this record, the attorneys have been so articulate in framing their questions of the witnesses that it does not appear that there was any confusion in the jury's verdict. Recognizing State v. Carpenter et al., supra, as an acceptable and the most followed authority, yet we do not deem it exclusive though the suggested issue contained in it would be appropriate for submission in this case.

Plaintiff also assigns as error the refusal of the trial Judge to disqualify. The basis for filing a motion requesting the Judge to disqualify was due to the fact that the Judge is a landowner in Martin County and also a condemnee in another proceeding affected by the same transmission line and had attended Commissioners' hearings in other condemnation proceedings involving the same line. Plaintiff, in its point of error, does not complain of any specific act or ruling of the trial Judge which would be indicative of a bias or prejudice against the Plaintiff or would indicate an unfairness directed toward it.

■ The judiciary should and must be particularly sensitive to a motion on disqualification. A reviewing Court must scrutinize a record closely when this matter is presented. This, we have done here, and fail to find any act or ruling of the trial Judge indicative of a disqualifying interest in the proceedings.

■ Article V, Sec. 11, Constitution of the State of Texas, Vernon's Ann.St. and Article 15, V.A.T.C.S., provide that no judge shall sit in any case wherein he may be interested. Our Courts have construed "interest" as affecting a judge's qualification to be a pecuniary or personal right or privilege to be derived or acquired dependent upon the result of the case. McInnes v. Wallace, 44 S.W. 537 (n. w. h.). Aldridge v. State, 170 Tex.Cr.R. 502, 342 S.W.2d 104, in discussing interest that disqualifies a judge, states that it does not include every bias, prejudice or partiality which he may entertain with reference to the case, and a judge who is interested in the question to be decided, but who has no direct and immediate interest in the judgment to be pronounced, is not disqualified. Ferguson v. Chapman, 94 S.W.2d 593 (writ dism'd w. o. j.) holds that the provisions of the Constitution and statute are inclusive and exclusive, that is, they enumerate only instances in which interest, not pecuniary, will disqualify the judge. A review of the cases decided by the Courts of this State reveal some contradictory holdings in applying the term interest for purposes of disqualification. See 10 A.L.R.2d 1313; Lindsley v. Lindsley et al., 152 S.W.2d 415 (reversed on other grounds, 139 Tex. 512,

163 S.W.2d 633). A majority of the decisions require a pecuniary interest in the litigation, that is direct, real and certain, and not merely incidental, remote, contingent or possible. See 33 Tex.Jur.2d, Sec. 34, pp. 400–401; Wagner et al. v. State et al., 217 S.W.2d 463 (writ ref'd n. r. e.); Stockwell v. Glaspey et al., 160 S.W. 1151 (writ ref'd); Moody et al. v. City of University Park et al., 278 S.W.2d 912 (writ ref'd n. r. e.). The only issue to be decided in the trial Court was the damages to the land by reason of the condemnation. We do not perceive that the County Judge being in litigation with the Plaintiff in another similar proceeding involving his own land is in a position of obtaining any pecuniary benefit from this proceeding, and therefore not disqualified under the record presented.

We hold that Plaintiff's Point of Error Number One should be sustained, and therefore reverse the judgment and remand the cause.