Judge Ewing
delivered the Opinion of the Court — the Chief Justice did not sit in the case.
Barr brought an action of slander against Gaines, and filed his declaration against him, containing two counts. In the two counts, among various other specifications of slanderous words spoken by the defendant, of and concerning the plaintiff, is the following, contained in the second count; — “He (meaning the plaintiff) stole John Thomas’ hogs out of the pen built by Tandy Quesenbery. Robert Quesenbery told me so.” — “He (meaning the plaintiff) stole hogs.” And proved by a witness, that the defendant, in a conversation of and' concerning the plaintiff, some short time previous to the bringing of his suit, said, “ that Barr, the plaintiff, had stolen a hog “out of Tandy Quesenbery’s pen, and that he could “ prove it by Bob Quesenbery.”
This being all the evidence, the Court, on the motion of the defendant’s counsel, instructed the jury to find, as in the case of non-suit, upon the ground that the proof did not sustain any charge contained in the declaration. A verdict being found by the jury, and a judgment rendered thereon for the defendant, the plaintiff has brought the case to this Court.
The only question to be settled is — were the words charged in -the declaration, or any specification of them, sufficiently sustained by the proof, to entitle the plaintiff to his action? We think they were. The ancient strictness in this action has been greatly relaxed. Anciently, it was necessary to prove the words precisely as laid. And words charged in the third person were not sustained by the proof of words spoken in the second person, or vice versa. But this technicality has been su. *259 perseded, in modern decisions, by the more sensible doctrine, that words are to be construed according to their common acceptation, and obvious import, and are not to be taken, as. formerly, in mitiori neo graviori sensuand if the substance of the words charged be proven, or a part only of the words charged, and that part be actionable, it is sufficient. 1 Bibb, 165, Hume vs. Arrasmith; 7 Monroe, 315, McGowan vs. Manifee; 4 Bibb, 515, Huffman vs. Shumate; 5 Monroe, 560, Wiley vs. Campbell.
The substance of the charge laid in the declaration, is, that the defendant said of the plaintiff, that he was guilty of hog stealing. And surely the proof that the defendant had said that the plaintiff had stole a hog, substantially supports the charge. It is the same species and grade of offence charged and proved. Being notified by the declaration, that he charged the. plaintiff with stealing hogs, he is apprised of the nature and character of the offence imputed, and is put upon the inquiry as to the proof necessary to repel it, or justify the charge, and cannot be taken by surprise, by the introduction of proof that he charged the plaintiff with stealing one hog. The allegation is broader than the proof, but the proof is sufficiently broad to sustain so much of the charge as. imputes to the plaintiff the crime of hog stealing, which is the gist of the complaint.
It is therefore considered by the Court, that the judgment of the Circuit Court be reversed, and the cause remanded that a new trial may be granted.