### John Clark v. The State.

No. 1893.  Decided April 11, 1900.

**Recognizance on Appeal.**

Where the penalty assessed in a misdemeanor conviction is both a fine and imprisonment, the recognizance is fatally defective which states the punishment as a fine, omitting the imprisonment. The statute requires that the punishment as. assessed by the jury must be stated in the recognizance.

APPEAL from the County Court of Denton. Tried below before Hon. J. D. FERGUSON, County Judge.

Appeal from a conviction of theft of ten gallons of molasses of the value of $4.

No statement necessary.

*Piner & Baker,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted in the county court of theft, and his punishment assessed at ten days confinement in the county jail and a fine of $25. Motion is made by the Assistant Attorney-General to dismiss the appeal because the recognizance fails to state the punishment as required by the statute. The recognizance states the punishment to be a fine of $25, omitting the ten days imprisonment in the ocunty jail. The statute requires that the punishment assessed by the jury shall be stated in the recognizance, and, as this has not been done, that instrument is fatally defective, and the motion to dismiss the appeal is sustained. The appeal is accordingly dismissed.

*Dismissed.*

HENDERSON, Judge, absent.