N. J. McArthur v. The State.

No. 1910.   Decided April 18, 1900.

Motion for Rehearing Decided June 27, 1900.

**1.   Juror—Qualification—Householder.**

A party who is a single man and who eats at one boarding house and rents a lodging room from another person in a different part of the city where he sleeps, is not a "householder," and is not a qualified juror.

**2.   Libel—Evidence—Variance.**

On a trial for libel where the alleged libelous matter was contained in a printed pamphlet which was set out in its entirety in the indictment, the fact that some of the allegations in the indictment did not contain a certain statement found on the title page of the pamphlet offered in evidence as to the party having said pamphlet for sale did not constitute a variance.

**3. Same.**

On a trial for libel contained in a pamphlet which is set forth in full in the indictment, objections that the excerpts from said pamphlet claimed to be libelous contained quotation marks not found in the pamphlet, and were not properly punctuated, and in said instances used the article "a" for "the," are hypercritical.

**4. Same.**

On a trial for libel contained in a printed pamphlet, which is set out in the indictment, the change of a word from the singular as it was in the pamphlet, to the plural in the indictment, would constitute no variance where the sense was not altered.

**5. Same.**

An omission of additional words which do not in anywise alter the sense of the libelous matter would not constitute a variance, the rule with regard to libel being that it is sufficient to prove substantially the words charged, and proof of additional words not altering the meaning of those alleged will not constitute variance.

**6. Same—Proof of Reputation of Libelee for Truth and Veracity.**

On a trial for libel, where the libelee has not been a witness in the case, it is not error to refuse to permit defendant to prove that said libelee's reputation for truth and veracity were bad in the community in which he lived, where his reputation for truth and veracity are not in issue.

**7. Same—Evidence of Libelee's Reputation for Honesty.**

Evidence of a libelee's reputation for honesty and fair dealing, while it may be admissible in civil, is not admissible in criminal prosecutions for libel.

**8. Same—Declarations of Defendant.**

On a trial for libel, the fact that the State has offered proof of the declarations of defendant as to the motive which actuated him in writing and publishing the alleged libel, does not authorize defendant to prove other declarations which were not part of the conversation or declarations introduced by the State.

**9. Libel—Charge to the Jury.**

In libel cases, while it is provided that the jury are the judges of the law as well as the facts (Bill of Rights, section 8; Penal Code, article 748), still it never was intended that the jury should construe the law for themselves without direction from the court. This they are to do as in other cases under the charge of the court as to the law.

**10. Same.**

On a trial for libel the defendant can not claim an innocent intention in writing and publishing the same where the matter is libelous, and where it was published advisedly and for the purpose of challenging an investigation of the charges which are made in the writing.

ON MOTION FOR REHEARING.

**11. Costs—Taxation of.**

It is error to tax as costs in one case, the costs which had accrued in another similar case that had been dismissed.

**12. Same—Witnesses' Fees.**

In taxing witness fees as costs, no witness is entitled to mileage for more than one trip going and coming to any one term of court, and is entitled to his per diem only for the days on which he actually attended court, including the time consumed in going and coming.

APPEAL from the County Court of Travis. Tried below before Hon. WM. VON ROSENBERG, JR., County Judge.

Appeal from a conviction of libel; penalty, a fine of $100.

The indictment charged appellant with the libel of John D. Fields. The libel was charged to have been committed by the writing and circulation of a certain pamphlet which contained libelous matter.

The indictment was framed in the usual form down to the pamphlet

said to contain the obnoxious matter, at which point the pamphlet, or one of the copies of it, was attached, and made part of the indictment in extenso and haec verba, including the title on outside title page. Then the indictment proceeded, by selecting from the alleged libelous pamphlet, particular parts or portions claimed to be the libelous matter, and purporting to copy these selected parts into the body of the indictment, and to set them out just as they were printed in the pamphlet and just as circulated.

The pamphlet was entitled, "Minor Chronicles of the Goodly Land of Texas," which pertaineth to the frauds practiced in the management of the "Farmers Alliance Exchange." John D. Fields was the president of the Farmers Alliance.

A general idea of the case will be understood from this brief statement and the opinion of the court.

*J. R. Hamilton* and *Walton, Hill & Walton,* for appellant.

*Rector, Thompson & Rector,* and *Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Jᴜᴅɢᴇ.—Appellant was convicted of libel, and his punishment assessed at a fine of $100; hence this appeal.

Appellant in his first assignment urges that the court committed an error in sustaining the State's challenge to the juror Folwell. The objection urged by the State to this juror was that he was not a householder. On this point the juror showed by his voir dire that he was a single man; that he boarded at one place and rented a room in another lodging house from a different person than the one with whom he ate, and in a different part of the city of Austin; that he rented a room in a lodging house; that his landlady lived in the house and rented him the room; that he controlled the room as long as he paid his rent. We do not believe the court erred in holding that this juror was not qualified to sit in the case. Lane v. State, 29 Texas Crim. App., 310. This latter case overrules the former case on this subject. Robles v. State, 5 Texas Crim. App., 346. Besides, appellant did not exhaust his challenges, and there is nothing to show that he was not tried by a fair and impartial jury. Mays v. State, 36 Texas Crim. Rep., 437.

Appellant reserved a number of exceptions to the admission of the alleged libelous pamphlet and the various parts thereof. We will only consider such as we think deserve any notice. Appellant objected to the introduction of said pamphlet because of a variance between the title page as set out in the indictment and the title page contained in the pamphlet. He insists that the title page as set out by the indictment, disconnected from the pamphlet itself, which is a part of the indictment, fails to show, in addition to that which is set out, the following: "For sale by N. J. McArthur, Austin, Texas." In reply to this we might content ourselves with saying that the pamphlet itself,

constituting a part of the indictment, sufficiently showed upon its face the sentence which it is alleged was not contained in the indictment. However, conceding that the allegations in other parts of the indictment did not contain the phrase set out above, this would not constitute a variance. State v. Jeandell, 5 Har., 475.

Appellant complains that a number of excerpts taken from said pamphlet, and alleged as libelous, varied from said pamphlet, because there were no quotation marks connected with the same as in said pamphlet; and he also excepts to a number of said excerpts on the ground that same were not properly punctuated, and that in several instances the article "a" was used for "the." We regard these matters as hypercritical.

On pages 59 and 60 of the transcript appellant claims there was a variance between the word "bubbledupe" in the pamphlet and the word "bubbledupes" in the indictment; that is, that the singular was changed to the plural. This would not constitute a variance. The sense was not altered. Barr v. Gaines, 3 Dana, 258.

Appellant also complains that the following, which appears in the pamphlet, was left out of the first allegation of the alleged libelous matter contained in the indictment, to wit: "And is it not so, that the great assembly of bubbledupes have accepted the report which nameth only seventy and seven thousand dollars as the amount of exchange stock which hath been taken?" On examination we find that this is correct. But an inspection of this charge of libel will show that the omission of the above does not in anywise alter the sense of the libelous matter, but is merely additional words. This, under the authorities, would not constitute a variance; the rule being that it is sufficient to prove substantially the words charged, and proof of additional words not altering the meaning of those alleged will not contsitute a variance. See 13 Enc. of Pl. and Pr., pp. 63-65, and authorities there cited; Townsh. on Sland. and L., sec. 367. And the same observation and authorities apply to a number of other objections urged on the ground of variance. By an inspection of the record in this case it will be seen that in no instance was there such a material variance between the pamphlet which was set out in full in the indictment, and the distinct allegations, as would authorize a rejection of the proof offered. Furthermore, as explained by the court, the pamphlet itself was made a part of the indictment, and there was no variance between it and the proof offered, and there was no material variance between it, as stated above, and the allegations contained in the indictment on which the libel was predicated. If there was an omission of words, these did not alter the sense. If the pamphlet contains additional words, neither do these alter the sense.

Appellant proposed to prove, by a number of witnesses, the bad reputation of John D. Fields, the party alleged to have been libeled, for truth and veracity in the community where he lived. The court, in explaining this bill, says that said Fields was not put upon the stand,

and his truth and veracity were not in issue. In this the court was correct.

Appellant also offered to prove by the same witnesses that the reputation of said Fields for honesty and fair dealing was bad in the community where he lived. It is contended that this character of testimony was admissible in order to enable the jury to properly gauge their verdict; that is, to enable them to determine how much Fields, the alleged libeled party, was injured by the charge made against him. This might be the rule in civil cases, but we do not think it is applicable to a criminal case. The object in a criminal prosecution is not to recover damages, but rather to preserve the peace and good order of society; and so proof that the libelee bore a bad reputation in regard to the trait of character charged against him would be no answer to the criminal prosecution. If, however, it be conceded that said testimony might go in mitigation of the penalty assessed, it is a sufficient answer to that proposition to say that in this case the jury found the lowest penalty against appellant.

Appellant also contends that the State offered certain proof of the declarations of defendant as to his motives, purposes, and intention in writing and publishing the pamphlet in which the alleged libel is contained, and therefore the court erred in not admitting proof from other witnesses that on other occasions appellant declared to others, to wit, Maxwell and Beck, his motives, purpose, and intention in writing and publishing said pamphlet. It would be a sufficient answer to this to say that the bill of exceptions does not disclose what said witnesses would have testified on behalf of defendant; but the explanation as given by the court was sufficient to authorize the exclusion of such testimony. He states that same constituted no part of the conversations or declarations introduced by the State.

It is complained by appellant that the court erred in instructing the jury at all in the case, because the jury are constituted, under our statute, judges of the law. The court merely instructed the jury in accordance with the provisions of article 748, Penal Code. We do not understand this article of our Code to contravene the provisions of our Constitution on this subject (see Bill of Rights, section 8), but it is in consonance therewith. This provision makes the jurors simply the judges of the law under the direction of the court, as in other cases. In other cases the jury take the law from the court, and are required to be governed thereby; and we understand the Constitution and the statute to mean the same thing, and it was never intended that the jury, with reference to libel, should construe the law for themselves and without direction from the court.

Other portions of the charge are objected to because not intelligible and as not being the law of the case. We have examined the charge of the court carefully, and in our opinion, it is a full and fair charge, presenting all the issues arising in the case in a succinct and connected manner.

It is contended that, the State having alleged the falsity of the

charge contained in the libel, it was necessary to prove the same, and that there was a failure on the part of the State to respond to this allegation by evidence. If it be conceded that the State was bound to make this proof, we can not agree to this contention, as it occurs to us the testimony contained in the record shows the falsity of the alleged charges contained in the indictment. That they were made maliciously there can be no question, as an examination of the pamphlet on which the charge of libel is based shows appellant published the statements advisedly; that he did so for the purpose of challenging an investigation of his charges; and if the matter alleged by him was libelous, which we understand to be conceded, he can not claim an innocent intention in the writing and publication thereof. The jury were fully authorized to find him guilty, and they assessed against him the lowest punishment, and we see no reason to disturb their verdict. The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

#### (June 27, 1900.)

HENDERSON, Judge.—This case was affirmed at a previous day of this term, and now comes before us on motion for rehearing. We have examined the same, but it presents no satisfactory reasons to our mind for granting it, the propositions insisted upon being the same heretofore considered by the court.

In connection with the motion for rehearing is an application to retax the costs of the court below. We have examined this motion, and it suggests that the court, in taxing the costs in the case in which appellant was convicted, also taxed costs which had accrued in a certain other case against appellant, pending in the same court, which had been dismissed. It also suggests that certain witnesses, to wit, S. D. A. Duncan and B. J. Kendrick, made out their accounts for more mileage and days than they were entitled to. The motion is not full or explicit enough to authorize us to go into an investigation of these matters. We hold, however, that no costs pertaining to the case which was dismissed against appellant should be made a charge against him in this case; and we also hold that no witness is entitled to mileage for more than one trip going and coming at any one term of court, and is entitled to his per diem only for the days on which he actually attended the court, including the time consumed in going and coming; and the clerk below will revise and retax the costs in this case in accordance with the views herein expressed. The motion for rehearing is overruled.

*Motion overruled.*