**Harley Porter BOLDING, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45818.**

Court of Criminal Appeals of Texas.

March 21, 1973.

Rehearing Denied May 1, 1973.

---

**182**

Grady Hight, Jake Cook, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Wayne E. Roberts and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery by firearms. Punishment was assessed by the jury at twenty-five years.

At the outset, appellant contends "the general actions of the trial court were so biased in favor of the state that the result was an unfair trial."

Appellant directs our attention to several instances where the trial court ruled adversely to appellant as a basis for such contention.

Bias, if any, of a trial judge, standing alone, does not constitute error. Appellant could, of course, complain of an erroneous ruling made by the court as the result of prejudice, but it would be the error in the ruling rather than the prejudice that would give him the right to complain. Ortega v. State, Tex.Cr.App., 493 S.W.2d 828 (1973); Quarles v. Smith, Tex.Civ. App., 379 S.W.2d 91. The trial judge is not shown to have a direct interest in the case so that the result would affect him to his personal or pecuniary loss or gain. Aldridge v. State, 170 Tex.Cr.R. 502, 342 S.W.2d 104.

No error is shown.

Appellant contends the court erred in not declaring a mistrial when evidence was given concerning an extraneous offense.

Detective Sinclair, of the Fort Worth Police Department, testified that in connection with his investigation of the January 18, 1971 robbery of Waters Jewelry Company, he learned that the appellant had a sister in West Texas and, along with other officers, he went to the house of appellant's sister and brother in Roscoe. The following testimony of Sinclair gives rise to appellant's complaint:

"Q. And, did you have anything in your possession when you went to West Texas?

"A. Yes, sir.

"Q. And, what was that, sir?

"A. I had a warrant for Harley Bolding.

"Q. What sort of warrant? A warrant of arrest?

"A. Yes, sir.

"Q. Did you have a warrant—any other warrant with you?

"A. I had one from Irving."

Appellant objected to the answer, "I had one from Irving," as being evidence of an extraneous offense. The objection was sustained and pursuant to appellant's request, the jury was instructed not to consider such answer. Appellant moved for a mistrial, and the same was overruled by the court.

An accused is entitled to be tried on the accusation made in the State's pleading, and he should not be tried for some collateral crime or for being a criminal generally. Albrecht v. State, Tex.Cr. App., 486 S.W.2d 97; Ford v. State, Tex. Cr.App., 484 S.W.2d 727; Jones v. State, Tex.Cr.App., 481 S.W.2d 900; Powell v. State, Tex.Cr.App., 478 S.W.2d 95.

In the instant case, the complained of testimony does not reflect anything other than the officer had a warrant from Irving. The extraneous offense, if any, which gave rise to the warrant, is not stated. See Simmons v. State, Tex.Cr.App., 457 S.W.2d 284. The court promptly sustained appellant's objection and instructed the jury not to consider the complained of answer.

No reversible error is shown.

Appellant contends the court erred in not declaring a mistrial when the District Attorney resigned.

Appellant urges that the resignation of the Criminal District Attorney of Tarrant County during the course of the trial left the State "without a representative in the courtroom." The State was represented by two Assistant District Attorneys who continued to represent the State in this trial after the resignation of the District Attorney.

Article 16, Sec. 17, of the Texas Constitution, Vernon's Ann.St., provides, "All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified."

The purpose of the constitutional provision is to insure, insofar as possible, that there be no cessation in government. It continues the officer in the office with all the powers incident thereto until his suc-

cessor has been duly qualified. State v. Jordan, Tex.Civ.App., 28 S.W.2d 921.

No error is shown.

Appellant contends the court erred in not declaring a mistrial when the prosecutor went outside the record in his argument.

During appellant's argument, the record reflects the following:

"And, if you have got a witness willing to lie about who told him what to do, you have got a witness willing to lie about whether he got a deal with his lawyer or the District Attorney's Office."

The foregoing argument of appellant concerns the accomplice witness Gerald Van Slyke as does the following complained of argument by the State:

"But I will tell you and I will swear to God today that I have never made any deal—any agreement with that man."

The court sustained appellant's objection to the foregoing argument and instructed the jury not to consider the argument for any purpose. Appellant's request for a mistrial was overruled.

The witness Slyke had testified that he had not been promised anything in reward for his testimony.

■ First, the argument of the prosecutor was invited by appellant's argument that the witness was willing to lie about whether he got a deal with the District Attorney's Office. See Langham v. State, Tex.Cr.App., 473 S.W.2d 515; Thomas v. State, Tex.Cr.App., 468 S.W.2d 90. Further, if the prosecutor's response was not invited, we perceive no reversible error in view of the court's prompt ruling and instruction to the jury. See Gray v. State, Tex.Cr.App., 477 S.W.2d 635; Howard v. State, Tex.Cr.App., 453 S.W.2d 153.

■ Appellant next contends that prosecutor's argument in comparing the appellant with Hitler was error.

Appellant's objection to the following argument was overruled by the court:

"You know, one time there was a man in history who never invaded a country that I can remember and who never fired a shot and who never personally intimidated anybody but created the greatest holocaust in the history of this world by simply getting his hirelings to do his dirty work. That was Adolph Hitler . . . ."

Appellant relies on Dinklage v. State, 148 Tex.Cr.R. 123, 185 S.W.2d 573, where the defendant was referred to as a "Hun," and while the court, in that case, was instructing the jury to disregard such statement, the prosecutor faced the defendant and said, "He is a German." The prosecutor, in Dinklage v. State, supra, called the defendant a "Hun" and a "German." In the instant case, the prosecutor did not refer to appellant as a "Hitler." The testimony of the accomplice witness Slyke was that appellant and his wife, the co-defendant herein, had planned the jewelry store robbery and had obtained cohorts to carry out the actual robbery. The purpose of the State's argument in referring to Hitler would appear to be nothing more than the citing of an historical example of a person who used others to carry out his scheme. See Minton v. State, Tex.Cr.App., 468 S.W.2d 426. The State's theory of the case based upon the testimony it offered and the argument of the prosecutor was that appellant and the co-defendant had planned the robbery, but had hired others to carry out the "dirty work." Further, we would note that the reference to Hitler in the trial of a 1972 case does not have the inflammatory connotation that it had when Dinklage v. State, supra, was decided in 1945.

No error is shown.

■ Appellant contends that the court erred in allowing "nonqualified" witnesses to testify concerning appellant's reputation.

Four witnesses were asked questions regarding appellant, "do you know his reputation in the community in which he resides for being a peaceful and law abiding citizen?" Upon three of the witnesses being asked the foregoing question, appellant objected on the ground that no proper predicate had been laid.

After appellant's objections were overruled, the witnesses answered that they did know appellant's reputation, and upon being asked, "Is that reputation good or is it bad," they answered, "It's bad."

Appellant urges on appeal that the proper predicate was not laid by the state in that it was not shown that the witnesses knew anyone else who knew the appellant and none of the witnesses testified that he ever heard the appellant's reputation discussed.

There was no voir dire of the witnesses by appellant to determine the basis of their testimony. See Jones v. State, Tex.Cr. App., 453 S.W.2d 507. The witnesses testified that they knew the reputation of appellant in the community in which he resided for being a peaceful and law abiding citizen. Thus, their testimony concerning appellant's reputation was admissible. Cox v. State, Tex.Cr.App., 368 S.W.2d 600. The instant case is distinguishable from Weatherall v. State, 159 Tex.Cr.R. 415, 264 S.W.2d 429, cited by appellant, where the witness admitted his testimony regarding defendant's reputation was not based on anything he had heard. If the witnesses had disclosed an absence of knowledge on which to conclude that they knew the reputation of the appellant, the court should have excluded their testimony. Appellant did not develop such lack of knowledge on either voir dire or cross-examination of the witnesses. See 61 Tex.Jur.2d, Witnesses, Sec. 53.

No error is shown.

Appellant contends that the court erred in not declaring a mistrial when the prosecutor threatened the jury with the weight of public opinion at the punishment stage of the trial.

■ Appellant's complaint is directed to the following argument of the prosecutor:

"Now, you have found these people guilty of robbery by using these people to go in there and I tell you what, ladies and gentlemen, you might not realize this, that what you do today that many people will take notice of it."

The argument in the instant case is unlike those in Pennington v. State, 171 Tex. Cr.R. 130, 345 S.W.2d 527, where the prosecutor argued, "The people of Nueces County expect you to put this man away," and in Cox v. State, 157 Tex.Cr.R. 134, 247 S.W.2d 262, where the State argued, "The people of DeSoto are asking the jury to convict this defendant." In the foregoing cases, relied on by appellant, this Court held the arguments to be improper in that they constituted an effort on the part of the State to induce the jury to convict the defendant because the people desired a conviction.

Patently, the argument in the instant case is not an appeal to the jury to convict because of public opinion. See Luna v. State, Tex.Cr.App., 461 S.W.2d 600. Smith v. State, Tex.Cr.App., 418 S.W.2d 683.

No error is shown.

■ Lastly, appellant contends the court erred in overruling his objection to argument of the prosecutor which was outside the record.

The record reflects the following occurred during the argument of the State at the punishment stage of the trial:

"What you do, ladies and gentlemen, the thieves of this County that hang out there at the Razorback Club and the Satin Doll—

"Mr. Hight" (Appellant's counsel)— "Once again, we object. He is outside the record.

**186**

"The Court: I will overrule the objection."

Appellant points to the fact that on cross-examination, he testified that at times he had been to the "Satin Doll" and the "Razorback" Clubs and that the argument of the prosecutor was outside the record and prejudicial to him.

The accomplice witness Slyke identified Avera Steele and David Morehead as other participants in the robbery and testified on the days preceding the robbery that he went "back and forth" with them to the "Razorback" and "Satin Doll" Clubs. In the light of this testimony, we conclude that the argument that thieves hang out at the "Razorback" and "Satin Doll" Clubs is supported by the evidence. See Archer v. State, Tex.Cr.App., 474 S.W.2d 484.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.