**Leandro Fernandez VERA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 53954, 53956.**

Court of Criminal Appeals of Texas.

March 1, 1977.

Will Gray, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Ned B. Morris, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant waived trial by jury and entered pleas of guilty before the court to two indictments charging him with delivery of heroin (Cause Nos. 53,954 and 53,955) and one indictment charging him with possession of heroin (Cause No. 53,956). Punishment in each of the delivery of heroin cases was assessed at imprisonment for thirty-five (35) years. Punishment in the possession of heroin case was assessed at imprisonment for twenty (20) years. The sentences run concurrently.

The appeal is before us on two grounds of error. It is first contended that appellant was denied a fair trial on the issue of punishment because the trial court, as trier of the facts, was prejudiced against the range of punishment provided in the Controlled Substances Act (Art. 4476–15, Vernon's Ann.Civ.Stat.). Secondly, appellant contends that he was denied the effective assistance of counsel when his retained attorney did not move to withdraw his guilty pleas after the trial judge disclosed his opposition to the minimum range of punishment provided by the Controlled Substances Act. The sufficiency of the evidence to support the conviction is not challenged.

The comments of the trial judge, which appellant contends show such prejudice, are as follows:

"Of course, this court feels that if a man is just out selling heroin ___ known addict, then I don't think the law is sufficient in my opinion but I am bound by it whatever the maximum is.

\*     \*     \*     \*     \*     \*

"You have filed an application for probation. There is no agreement among anyone as to whether it will be granted or not. I am going to request the probation department to make an exhaustive investigation. I want them to talk to all the narcotics officers and get any background information. . . . Now, this court is not inclined to give probation in a sale of heroin case. However, if the facts ___ if the man was selling it simply to make money, well then there will be no probation. In my opinion the law is not sufficient although I am bound by it to cover ___ the punishment is not sufficient in my opinion for a man to go out and sell heroin. We will hold it off until we get a pre-sentence investigation. . . ."

Article 5, Sec. 11 Vernon's Ann.Tex.Cons., provides, in part:

"No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him,

either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case."

In *Galveston & H. Inv. Co. v. Grymes*, 94 Tex. 618, 64 S.W. 778 (1901), it was held that the grounds for disqualification of the judges of the courts in this State were specified in the Constitution, and they were exclusive of all others. Subsequently, the Legislature enacted the predecessor to present Article 30.01, Vernon's Ann.C.C.P., which now reads as follows:

"No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree."

In *Ex parte Largent*, 144 Tex.Cr.R. 592, 162 S.W.2d 419, cert. denied, 317 U.S. 668, 63 S.Ct. 72, 87 L.Ed. 536, rehearing denied, 317 U.S. 713, 63 S.Ct. 443, 87 L.Ed. 568, this Court held that Article 5, Sec. 11, of the Constitution and the predecessor to present Article 30.01, supra, provide the exclusive ground for disqualifying a judge from sitting or acting in a criminal case.

■ It has been held that the bias or prejudice of a trial judge not based upon interest is not a legal disqualification. *Aldridge v. State*, 170 Tex.Cr.R. 502, 342 S.W.2d 104 (1961); *Templin v. State*, 167 Tex.Cr.R. 605, 321 S.W.2d 877 (1959); *Williams v. State*, 126 Tex.Cr.R. 42, 69 S.W.2d 759 (1934). However, when indicated or shown, any prejudice or opinion of guilt on his part calls for close scrutiny of the trial judge's rulings. *Aldrige v. State*, supra; *Williams v. State*, supra. But bias of a trial judge, standing alone, does not constitute error. An accused could complain of an erroneous ruling made by the trial court as the result of prejudice, but it would be the error in the ruling rather than the prejudice that would give him the right to complain. *Bolding v. State*, 493 S.W.2d 181 (Tex.Cr. App.1973).

■ From what we have stated above, it is clear that the trial judge was not disqualified to preside in the instant cases either under the Constitution or the statute. Appellant asks us, however, to apply Article 35.16(c)(2), Vernon's Ann.C.C.P., which relates to juror disqualification, to disqualification of a trial judge. That statute provides that a juror is disqualified if "he has a bias or prejudice against any of the law applicable to the case upon which the [defendant] is entitled to rely, either as a defense to some phase of the offense for which the defendant is being prosecuted or as a mitigation thereof or of the punishment therefor." However, it has been held that the fact that a juror is prejudiced against the commission of crime is no ground for disqualification. *Chamberlain v. State*, 453 S.W.2d 490 (Tex.Cr.App.1970). Nor is a juror disqualified because he has a prejudice against the crime with which the accused is charged. *Cooper v. State*, 72 Tex.Cr.R. 266, 162 S.W. 364 (1914).

■ We decline to apply Article 35.-16(c)(2), supra, to trial judges. Nevertheless, we observe that even if that statute were applicable, the trial judge in the instant case was not disqualified. In the instant case the trial judge indicated his inclination not to grant probation in cases involving the delivery of heroin. Appellant points to nothing in the record that would indicate that the trial judge did not give consideration to the full range of punishment applicable to the offenses for which appellant was charged. In view of the fact that appellant admitted a prior conviction for possession of heroin in California and had pleaded guilty in the instant cases to one charge of possession of heroin and two charges of delivery of heroin, the trial court's disinclination to grant probation is understandable. Consequently, we hold that the trial judge was not disqualified to preside in the instant cases.

Having held that the trial judge was not disqualified in these cases, it follows that appellant was not denied the effective assistance of counsel for failure to move to

withdraw appellant's guilty pleas because of the alleged disqualification.

The judgment in Cause No. 53,954 recites that punishment was assessed on January 24, 1974. Punishment was actually assessed on January 24, 1975, and the judgment is reformed to so reflect.

As reformed, the judgment in Cause No. 53,954 is affirmed. The judgments in Cause Nos. 53,955 and 53,956 are affirmed.