Juanita Faye Evans ZIMA, Appellant,

v.

The STATE of Texas, Appellee.

No. 54771.

Court of Criminal Appeals of Texas.

July 13, 1977.

J. Charles Whitfield, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., J. Richard Trevathan and Thomas M. Henderson, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation. On November 13, 1975 appellant entered a plea of guilty to the offense of harassment. The court assessed punishment at thirty days' confinement, probated for six months, and a fine of $150.00.

One of the conditions of probation was that she commit no offense against the laws of the State. On January 7, 1976 the State filed a motion to revoke probation alleging that she did " . . . intentionally communicated by telephone in vulgar, profane, obscene, and indecent language, and in coarse and offensive manner, intentionally and knowingly annoy and alarm the recipient, Lanora Pennington." A hearing was held on March 11, 1976 wherein the court found the allegation to be true and entered an order revoking probation.

The sufficiency of the evidence to support the revocation order is not challenged. Her initial contention is that the judge who presided at the revocation hearing was disqualified due to bias against her and that he erred in refusing to recuse himself.

Judge Bill Ragan presided at the revocation hearing in County Criminal Court at Law No. 1. At the outset of the hearing, appellant requested that Judge Ragan transfer the cause to another county criminal court on the ground that the judge was disqualified. The motion for transfer was denied.[1]

Judge Ragan stipulated that appellant called the judge's co-ordinator while the motion to revoke was pending; that she told the co-ordinator she was not coming to Judge Ragan's court; that he (Judge Ragan) picked up the telephone and discussed the matter with appellant; that during the conversation he formed the opinion that appellant was intoxicated; that he "might have told her that if she called me again while she was intoxicated I would put her ten feet under the jail"; that he had gotten similar calls from other defendants; and that he was not prejudiced against appellant as a result of the conversation.

Article 5, Section 11, Vernon's Annotated Texas Constitution, provides, in part:

"No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such degree as may be prescribed by law, or when he shall have been counsel in the case."

Article 30.01, V.A.C.C.P., provides:

"No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree."

1. We observe that where a county judge is disqualified in any criminal case pending in the court of which he is judge Article 30.03, V.A.C.P., provides no authority for transferring such case to another court. That article does authorize, however, selection of a special judge to try the case.

**380**

In *Ex parte Largent,* 144 Tex.Cr.R. 592, 162 S.W.2d 419 (1942), cert. denied, 317 U.S. 668, 63 S.Ct. 72, 87 L.Ed. 536, rehearing denied, 317 U.S. 713, 63 S.Ct. 443, 87 L.Ed. 568, this Court held that Article 5, Section 11, supra, and the predecessor to Article 30.01, supra, provide the exclusive grounds for disqualifying a judge from sitting or acting in a criminal case.

It is well established that the bias or prejudice of a trial judge not based upon interest is not a legal disqualification. *Aldridge v. State,* 170 Tex.Cr.R. 502, 342 S.W.2d 104 (1961); *Vera v. State,* 547 S.W.2d 283 (Tex.Cr.App.1977). However, any indication of prejudice or opinion of guilt on the part of the trial judge requires close scrutiny of his rulings on appeal. *Aldridge v. State,* supra; *Vera v. State,* supra. But the judge's bias, if any, standing alone, does not constitute error. Of course, a defendant could challenge an erroneous ruling rather than the prejudice which would give the defendant the right to complain. *Bolding v. State,* 493 S.W.2d 181 (Tex.Cr.App. 1973); *Vera v. State,* supra.

In *Chamberlain v. State,* 453 S.W.2d 490 (Tex.Cr.App.1970), it was contended that the judge was disqualified because the defendant had filed a civil suit against him. This Court held that Chamberlain had shown no bias or prejudice on the part of the trial judge and no pecuniary interest in the outcome of the case and that the judge was not disqualified. The Court wrote:

"  .   .   . If the mere filing of a civil action against the judge presiding at a criminal case would disqualify him, then any judge would be subject to disqualification at the whim of a defendant. Such practice, if allowed, could delay or prevent the trial of a case."

The same reasoning is applicable here. If a defendant can call up a judge and curse him out and have the judge disqualified because the judge threatens her with contempt charges, then a defendant could delay and get other judges at will. We hold that Judge Ragan was not disqualified to preside either under the Constitution or the statute.

We perceive no error because Judge Ragan did not seek an independent determination of his impartiality in this cause by another judge. Such extraordinary relief is not contemplated by either Article 5, Section 11, supra, or by Article 30.01, supra.

No abuse of discretion is shown. The judgment is affirmed.