Honorable Wiley L. Cheatham District Attorney P.O. Box 587 Cuero, Texas 77954
Re: Duties of certain officials under article 42.12, Code of Criminal Procedure
Dear Mr. Cheatham:
You have asked the following questions regarding the duties, responsibilities, and limitations of authority of the district attorney (or other state prosecutor), district judge, and probation officer under section 8(a) of article 42.12 of the Code of Criminal Procedure concerning the revocation of probation:
 1. Does the fact that a probation revocation hearing has been held to be administrative, rather than criminal in nature, change the duties and responsibilities of the district attorney, or other state prosecutor, in the revocation proceedings compared to the filing and trying of an ordinary criminal case?
 2. Can a district attorney file a petition in district court to revoke a felony probation which was granted in one of the counties served by the district attorney, without the request of the probation officer and/or the district judge, or is the district attorney prohibited from filing a petition to revoke a felony probation unless requested to do so by the probation officer and/or the district judge?
 3. If the probation officer obtains the written approval or order of the district judge to file a motion to revoke the probation of a felony probationer, is the district attorney required to file a motion to revoke regardless of the lack of merits or lack of admissible legal evidence available to revoke, or does the district attorney have the authority to screen the requests to file motions to revoke probations and to refuse to file a motion to revoke when he feels that there is a lack of sufficient, legal, admissible evidence submitted to him by the probation officer on which to prove the alleged violations, as required by the appellate courts?
 4. If the district judge goes over the evidence and facts of the case in detail with the probation officer prior to ordering that a petition to revoke be filed and not in open court with attorneys for both sides present, is the judge then disqualified to hear the revocation proceedings?
 5. After a petition to revoke a probation has been filed, can a judge refuse or decline to hear the petition to revoke?
 6. After a petition to revoke a probation has been filed, can a judge dismiss the petition to revoke without a hearing, when the state is ready for the hearing and requests that a hearing be conducted?
 7. (A) After a petition to revoke a probation has been filed by the prosecutor, can the judge transfer the hearing to another district for another prosecutor to handle, without a hearing and without the approval of the prosecutor who filed the motion to revoke and without showing good cause? (B) Can a judge not only transfer a petition to revoke as above set forth, but also combine the petition to revoke with other cases in other districts and consider all cases together without the consent of the state prosecutor?
 8. (A) If a judge calls a probationer into court and informally discusses alleged violations, without a hearing and not in the presence of the prosecutor and/or defense counsel, is the judge disqualified to hear a petition to revoke filed by the state concerning violations discussed by the judge and probationer? (B) If the judge discusses the alleged violation with the probationer, can the judge then refuse to hear a petition to revoke filed by the prosecutor covering the violations discussed?
The subject statute reads in part as follows:
 Sec. 8. (a) At any time during the period of probation the court may issue a warrant for violation of any of the conditions of the probation and cause the defendant to be arrested. Any probation officer, police officer or other officer with power of arrest may arrest such defendant without a warrant upon the order of the judge of such court to be noted on the docket of the court. A probationer so arrested may be detained in the county jail or other appropriate place of detention until he can be taken before the court. Such officer shall forthwith report such arrest and detention to such court. If the defendant has not been released on bail, on motion by the defendant the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of said motion, and after a hearing without a jury, may either continue, modify, or revoke the probation. The state may amend the motion to revoke probation any time up to seven days before the date of the revocation hearing, after which time the motion may not be amended except for good cause shown, and in no event may the state amend the motion after the commencement of taking evidence at the hearing. The court may continue the hearing for good cause shown by either the defendant or the state. If probation is revoked, the court may proceed to dispose of the case is if there had been no probation, or if it determines that the best interests of society and the probationer would be served by a shorter term of imprisonment, reduce the term of imprisonment originally assessed to any term of imprisonment not less than the minimum prescribed for the offense of which the probationer was convicted.
Code Crim.Proc. art. 42.12. This provision of the Adult Probation, Parole, and Mandatory Supervision Law provides little guidance in arriving at answers to your questions. We conclude, however, that the functions of the district attorney and district judge in probation revocation matters are generally comparable to their respective roles in other similar facets of criminal proceedings.
In its most recent exposition of the nature of a probation revocation proceeding in Ruedas v. State, 586 S.W.2d 520, 523
(Tex. 1979), the Texas Court of Criminal Appeals stated as follows:
In Davenport v. State, 574 S.W.2d 73 (Tex.Cr.App. 1978), we held:
 `At a revocation of probation proceeding, a defendant need not be afforded the full range of constitutional and statutory protections available at a criminal trial. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). At such a proceeding, guilt or innocence is not at issue, and the trial court is not concerned with determining the defendant's original criminal culpability. "The question at a revocation hearing is whether the appellant broke the contract he made with the court after the determination of his guilt." Kelly v. State, Tex.Cr.App., 483 S.W.2d 467, 469. Also of significance is the fact that ". . . the result of such a hearing to revoke is not a conviction but a finding upon which the trial court might exercise its discretion by revoking or continuing probation." Hill v. State, Tex.Cr.App., 480 S.W.2d 200, cert. denied, 409 U.S. 1078, 93 S.Ct. 694, 34 L.Ed.2d 667 (emphasis added). "A probation revocation hearing is not . . . a criminal prosecution." Hill v. State, supra. It has been denominated as "administrative in nature." Hill v. State, supra.'
 This is not to say, however, that all constitutional guarantees of due process fly out the window at a probation revocation hearing. A probationer is entitled to certain due process protections in the revocation proceedings. Bradley v. State, 564 S.W.2d 727 (Tex.Cr.App. 1978); Whisenant v. State, 557 S.W.2d 102
(Tex.Cr.App. 1977). In Gagnon v. Scarpelli, supra, the Supreme Court enunciated the `minimum requirements of due process' which must be observed in probation revocation hearings. They include: written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, the opportunity to be heard in person and to present witnesses, the right to confront and cross-examine adverse witnesses, a `neutral and detached' hearing body, and a written statement by the fact finders as to the evidence relied on and the reasons for revoking probation. See also Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
 In Whisenant v. State, supra, we observed that the procedure for revoking probation in this State affords a probationer far greater safeguards than those required by Gagnon v. Scarpelli, supra, and Morrissey v. Brewer, supra. We stated in Whisenant that `The proceeding to revoke probation, although not the same as a criminal trial, requires substantially all the same procedure. . . . An adversary proceeding is afforded the probationer in which almost all of the rules of evidence and criminal procedure are applicable. . . .' 557 S.W.2d at 105.
Compare Fariss v. Tipps, 463 S.W.2d 176, 179 (Tex. 1971). Hill v. State, supra, held that a probation revocation hearing is not "an adversarial proceeding, a civil action, or a criminal prosecution." 480 S.W.2d at 202.
Recent cases such as Ruedas and Whisenant, supra, establish that a probation revocation hearing is adversarial in nature. Moreover, a careful reading of the court's pronouncement in Ruedas leads to the conclusion that earlier statements regarding a probation revocation hearing being an administrative proceeding rather than a criminal prosecution have been largely eroded. These statements are merely another way of saying that such a hearing is not a part of the determination of a defendant's original criminal culpability and consequently does not entitle a defendant to the full range of federal due process protection required for criminal defendants prior to a determination of guilt. Likewise, the Ruedas exposition also notes that while Morrissey, supra, and Scarpelli, supra, mandate only specified "minimum requirements of due process," Texas law requires that far greater safeguards, amounting to virtually the same procedural protections available at a criminal trial, be afforded in a probation revocation hearing. See, e.g., Ex parte Guzman,551 S.W.2d 387 (Tex.Crim.App. 1977) (a probationer has the right to be represented by counsel at a probation revocation hearing).
Regarding your first three questions, we refer to article 2.01 of the Code of Criminal Procedure, which requires that:
 Each district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely. . . . It shall be the primary duty of all prosecuting attorneys . . . not to convict, but to see that justice is done.
See also Tex. Const. art. V, § 21. While section 8(a) of article 42.12 does not explicitly speak to the filing of a motion to revoke probation, it does refer to "[t]he state" amending such a motion and case law applying article 2.01 implicitly recognizes that the appropriate agent of the state for filing probation revocation motions is the district attorney (or other state prosecutor). See Ex parte Morgan, 616 S.W.2d 625 (Tex.Crim.App. 1981) and Ex parte Spain, 589 S.W.2d 132 (Tex.Crim.App. 1979). Indeed, in Taylor v. State, No. 12-83-0126-CR, Tex.App.-Tyler, March 29, 1984 (unreported), the Tyler court of appeals recently explicitly held that a revocation proceeding falls within the ambit of both article 2.01, V.T.C.S., and article V, section 21
of the Texas Constitution, thus requiring the state's interests to be represented by the appropriate state prosecutor.
Thus, we answer your first three questions as follows: (1) the duties and responsibilities of the state prosecutor in probation revocation proceedings are comparable to those of such prosecutor in the main criminal prosecution; (2) when in his prosecutory judgment the circumstances are appropriate, a district attorney may file a motion to revoke a felony probation without the request of the probation officer or district judge; and (3) a district attorney is not required to file a motion to revoke sought by a probation officer, if there is a lack of merit or the existence of any legal defect, but rather a district attorney should exercise appropriate prosecutorial discretion as in an original criminal prosecution. Indeed, article 2.01 as quoted above directs the prosecutor to do justice above all. Compare Model Code of Professional Responsibility, Canon 7 and especially DR 7-103(A).
Regarding questions four and eight, the circumstances posited would not be the basis for a disqualification, because the exclusive grounds for disqualifying a judge from sitting in a criminal case are very narrowly drawn in article V, section 11 of the Texas Constitution and article 30.01 of the Code of Criminal Procedure. Ex parte Largent, 162 S.W.2d 419
(Tex.Crim.App. 1942), cert. denied, 317 U.S. 668 (1942). Until very recently, it was well established that the bias or prejudice of a trial judge not based upon interest is not a legal disqualification. Aldridge v. State, 170 Tex.Crim. 502,342 S.W.2d 104 (1961); Vera v. State, 547 S.W.2d 283
(Tex.Cr.App. 1977). However, any indication of prejudice or opinion of guilt on the part of the trial judge requires close scrutiny of his rulings on appeal. Aldridge v. State, supra; Vera v. State, supra. But the judge's bias, if any, standing alone, does not constitute error. Of course, a defendant could challenge an erroneous ruling rather than the prejudice which would give the defendant the right to complain. Bolding v. State,493 S.W.2d 181 (Tex.Cr.App. 1973); Vera v. State, supra.
Zima v. State, 553 S.W.2d 378, 380 (Tex.Crim.App. 1977). In McClenon v. State, 661 S.W.2d 108 (Tex.Crim.App. 1983), however, the Court of Criminal Appeals held that bias which "is shown to be of such a nature and to such an extent as to deny a defendant due process of law" would be a basis for disqualification. Moreover, Morrissey, supra, at 489, and Scarpelli, supra, at 786, make clear that "a `neutral and detached' hearing body" is necessary to satisfy the minimum requirements of due process.
Thus, we believe that a judge who either "goes over the facts . . . and evidence . . . with the probation officer prior to ordering that a petition to revoke be filed . . ." beyond what is necessary as a basis for issuing a warrant, or "informally discusses alleged violations with probationer . . . [outside] the presence of the prosecutor and/or defense counsel . . ." could put his status as "neutral and detached" in jeopardy. A recent, very cogent analysis of the constitutional impropriety of an official functioning as both prosecutor and judge in the same case emphasizes the necessity of "the appearance of impartiality constitutionally required by a judge." Giles v. City of Prattville, 556 F. Supp. 612 (M.D.Ala. 1983). See also Chitimacha Tribe of Louisiana v. Harry L. Laws Co., 690 F.2d 1157, 1165 (5th Cir. 1982). The Giles court went on to quote the United States Supreme Court in Marshall v. Jerrico, Inc., 446 U.S. 238, 242
(1980) as follows:
 The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. . . . The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. . . . At the same time, it preserves both the appearance and reality of fairness `generating the feeling, so important to a popular government, that justice has been done . . .' by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him.
Cf. Cooledge v. New Hampshire, 403 U.S. 450 (1971). In Texas ex rel. Bryan v. McDonald, 662 S.W.2d 5 (Tex.Crim.App. 1983), the court found it improper for a judge to view a presentencing report of a probation officer prior to a determination of guilt or innocence because of Canon 3(A)(4) of the Code of Judicial Conduct regarding ex parte communications concerning pending or impending proceedings. Consequently, we conclude that, depending on the facts of the particular case, a judge who combined the prosecutorial function with his decision-making function, as might occur in the situation described in your questions four and eight, could violate the constitutional mandate for a fair and impartial hearing tribunal. See Wong Yang Sung v. McGrath,339 U.S. 33, 50 (1950).
Questions five and six raise the issue of what sort of discretion a judge has to dispose of a probation revocation petition without a hearing. Section 1 of article 42.12 provides in part that
 It is the purpose of this Article to place wholly within the State courts of appropriate jurisdiction the responsibility for determining when the imposition of sentence in certain cases shall be suspended, the conditions of probation, and the supervision of probationers, in consonance with the powers assigned to the judicial branch of this government by the Constitution of Texas. (Emphasis added.)
Since there is no provision to the contrary, and since the whole thrust of this statute is to place the governance of the probation system within the discretion of the judges of criminal courts, we are satisfied that, absent an abuse of discretion, a district court judge may dismiss a petition to revoke probation without a hearing, although he could not, of course, act to revoke without a state prosecutor's having filed a motion seeking such action. Compare article 32.01 of the Code of Criminal Procedure.
Question seven implicates section five of article 42.12 which reads as follows in pertinent part:
 (a) Only the court in which the defendant was tried may . . . alter conditions, revoke the probation, or discharge the defendant, unless the court has transferred jurisdiction of the case to another court with the latter's consent. . . .
 (b) After a defendant has been placed on probation, jurisdiction of the case may be transferred to a court of the same rank in this State having geographical jurisdiction where the defendant is residing or where a violation of the conditions of probation occurs. Upon transfer, the clerk of the court of original jurisdiction shall forward a transcript of such portions of the record as the transferring judge shall direct to the court accepting jurisdiction, which latter court shall thereafter proceed as if the trial and conviction had occurred in that court.
 (c) Any court having geographical jurisdiction where the defendant is residing or where a violation of the conditions of probation occurs may issue a warrant for his arrest, but the determination of action to be taken after arrest shall be only by the court having jurisdiction of the case at the time the action is taken.
These provisions, rather than the venue provisions in chapter 31 of the Code of Criminal Procedure, control probation revocation proceedings, since the specific prevails over the general. See 53 Tex.Jur.2d Statutes, § 186. Section 5(a) and (b) unequivocally state that after a defendant has been placed on probation the court which tried him may transfer his case to a coequal court which is located either (1) where the probationer resides, or (2) where the alleged violation of the conditions of probation occurred, if the transferee court consents. Subsection (c) states that either court may issue a warrant for a probationer's arrest, but only the court having jurisdiction of the case at the time may act on the motion to revoke probation. Section 5 contains no other restraints on the transfer of cases wherein a defendant has been granted probation. Hence, we believe that a judge has the authority to transfer such a case to another district court without the approval of the prosecutor who filed the motion to revoke. After such transfer, we believe the transferee court would be able to join other cases with the probation revocation matter without the consent of the prosecuting attorney in the transferee district, though such procedure is not recommended. Moreno v. State, 587 S.W.2d 405, 412-413 (Tex.Crim.App. 1979).
 SUMMARY
The responsibilities of a district attorney in a probation revocation hearing are essentially the same as those in a trial to determine criminal culpability. For example, a district attorney's determination of whether to file a petition to revoke probation must be based on his own best prosecutory judgment, not merely the request of the probation officer.
If a district judge reviews the facts involved in an alleged probation violation matter with the probation officer or the probationer outside the presence of the district attorney, the judge, though he is not otherwise disqualified under state law, might under particular circumstances find it appropriate to decline to hear the matter at issue if he has compromised the impartiality demanded by the federal due process clause.
Since the whole thrust of article 42.12 is to give governance of the probation system to the district judge, he may decline to hear or may dismiss a probation revocation petition without a hearing.
Under section five of article 42.12, the district judge is authorized to transfer the hearing on a probation revocation motion with the consent of the transferee judge, and the transferee judge may consolidate such transferred matter with other cases.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Colin Carl Assistant Attorney General